**VILLAGE INN APARTMENTS and Village Partners–Cedar City, Plaintiffs and Appellants,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant and Appellee.**

No. 880632–CA.

Court of Appeals of Utah.

April 4, 1990.

Thomas J. Erbin (argued), James A. Boevers, Prince, Yeates, Geldzahler, Salt Lake City, for plaintiffs and appellants.

---

Darwin C. Hansen (argued), John C. Hansen, Salt Lake City, for defendant and appellee.

Before BENCH, GREENWOOD and LARSON,[1] JJ.

BENCH, Judge:

Appellants appeal from entry of summary judgment for appellee. We affirm.

In February 1986, an underground water pipe ruptured on the premises of the Village Inn Apartments in Cedar City, Utah. The escaping water saturated the soil beneath the apartments and caused the foundation of the apartments to settle almost eight inches. Repair costs were estimated to be $70,000.

Appellants Village Inn Apartments, a Utah partnership, and its mortgagee, Village Partners–Cedar City, a Utah limited partnership, filed a claim for the loss under an insurance policy issued by appellee State Farm Fire and Casualty Company (State Farm). State Farm denied the claim, alleging that the loss was not within the insurance policy's scope of coverage.

Appellants then filed suit seeking a declaratory judgment that the loss was covered under the policy and also alleging breaches of contract and the duty to settle claims in good faith. The material facts surrounding the loss were undisputed, and the parties filed cross-motions for summary judgment. After examining the language of the insurance policy, the district court found that the property damage was caused by "earth movement." Since the insurance policy excluded loss from such movement regardless of underlying cause, the court granted summary judgment to State Farm. This appeal followed.

"Summary judgment is available whenever there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *DeStefano v. Oregon Mut. Ins. Co.*, 762 P.2d 1123, 1124 (Utah Ct.App.1988); Utah R.Civ.P. 56(c). Since the parties are in agreement

as to the material facts, our review of the summary judgment is limited to determining "whether the trial court erred in applying the governing law." *Ferree v. State*, 784 P.2d 149, 151 (Utah 1989). *See also Barber v. Farmers Ins. Exch.*, 751 P.2d 248, 251 (Utah Ct.App.1988).

Insurance policies are merely contracts and should thus be interpreted under the same rules governing ordinary contracts. *Bergera v. Ideal Nat'l Life Ins. Co.*, 524 P.2d 599, 600 (Utah 1974). Whether a contract is ambiguous is a question of law. *Faulkner v. Farnsworth*, 665 P.2d 1292, 1293 (Utah 1983); *Property Assistance Corp. v. Roberts*, 768 P.2d 976, 977 (Utah Ct.App.1989). If a contract is determined to be unambiguous, its interpretation is also a question of law. *See Fashion Place Inv., Ltd. v. Salt Lake County*, 776 P.2d 941, 943 (Utah Ct.App.1989); *Wilburn v. Interstate Elec.*, 748 P.2d 582, 584 (Utah Ct.App.1988), *cert. dismissed*, 774 P.2d 1149 (Utah 1989).

Appellants contend that the district court erred in its legal conclusion that their loss was excluded from coverage under the State Farm policy. The insurance policy states:

The Company does not insure for loss which would not have occurred in the absence of one or more of the following excluded events. *The Company does not insure for such loss regardless of: a) the cause of the excluded event;* or b) other causes of the loss; or c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss:

▬▬▬

b. caused by, resulting from, contributed to, or aggravated by any of the following:

(1) *earth movement, whether combined with water or not,* including but not limited to earthquake, volcanic eruption, landslide, subsidence, mudflow, sinkhole, erosion, or the sinking, rising,

---

**1.** John Farr Larson, Senior Juvenile Court Judge, sitting by special appointment pursuant

to Utah Code Ann. § 78–3–24(10) (Supp.1989).

shifting, expanding, or contracting of earth; ...

(Emphasis added.)

Appellants claim that this provision does not exclude their loss. They contend that, as a matter of law, "earth movement" refers only to natural phenomena and should not be construed to include the effects of a waterline rupture. Alternatively, appellants contend that "earth movement" is an undefined and ambiguous phrase, and as such, must be strictly construed against the insurer. *See, e.g., LDS Hosp. v. Capitol Life Ins. Co.*, 765 P.2d 857, 858 (Utah 1988).

As an initial matter, we note that the parties to an insurance policy "are free to define the exact scope of the policy's coverage and may specify the losses or encumbrances the policy is intended to encompass." *Valley Bank & Trust Co. v. U.S. Life Title Ins. Co.*, 776 P.2d 933, 936 (Utah Ct.App.1989) (quoting *Brown v. St. Paul Title Ins. Corp.*, 634 F.2d 1103, 1107 (8th Cir.1980)). The insurer may exclude from coverage certain losses by using "language which clearly and unmistakably communicates to the insured the specific circumstances under which the expected coverage will not be provided." *Wagner v. Farmers Ins. Exch.*, 786 P.2d 763 (Ct.App.1990) (quoting *Reserve Ins. Co. v. Pisciotta*, 30 Cal.3d 800, 640 P.2d 764, 769, 180 Cal.Rptr. 628 (1982)). If we determine that the resulting policy terms are clear and unambiguous, "we interpret those terms in accordance with their plain and ordinary meaning," *Valley Bank*, 776 P.2d at 936, *see also Bear River Mut. Ins. Co. v. Wright*, 770 P.2d 1019, 1020 (Utah Ct.App.1989) (per curiam), as they "would be understood by the average, reasonable purchaser of insurance." *Draughon v. CUNA Mut. Ins. Soc'y*, 771 P.2d 1105, 1108 (Utah Ct.App. 1989).

Contract language may be ambiguous if it is unclear, omits terms, *Faulkner*, 665 P.2d at 1293, or if the terms used to express the intention of the parties may be understood to have two or more plausible meanings. *Property Assistance*, 768 P.2d

at 977. A policy term is not ambiguous, however, merely because one party assigns a different meaning to it in accordance with his or her own interests. *Camp v. Deseret Mut. Benefit Ass'n*, 589 P.2d 780, 782 (Utah 1979).

In examining the subparagraph beginning "earth movement," we agree with appellants that the phrase could be limited to natural or geological processes if it is viewed in the isolation of that subparagraph and not linked to causation. Although the policy contains no definition of "earth movement," it is commonly defined as "differential movement of the earth's crust: elevation or subsidence of the land." *Webster's Third New Int'l Dictionary* 715 (1986).

We must, however, examine the policy language preceding the phrase. *See* 2 G. Couch, *Cyclopedia of Insurance Law* § 15.29 (rev. ed. 1984) (all provisions of policy must be interpreted together as one contract). This "lead-in" clause, apparently a relatively recent addition by State Farm in its policies, clearly excludes from coverage any loss from earth movement, combined with water, *regardless of cause. See, e.g., State Farm Fire & Cas. Co. v. Martin*, 668 F.Supp. 1379, 1382 (C.D. Cal. 1987); *aff'd*, 872 F.2d 319 (9th Cir.1989). Since the exclusion is for earth movement loss from *any* cause, we can only conclude earth movement encompasses both natural and human processes. In view of the lead-in language, we hold that the district court was correct in its interpretation that the policy was unambiguous and excluded coverage as a coverage was excluded under the policy as a matter of law.[2]

The district court's ruling is affirmed.

GREENWOOD and LARSON, JJ., concur.

---

2.  Under our analysis, it is unnecessary for us to

accept appellant's invitation to address the rule

of construction known as "ejusdem generis." *See, e.g., Nephi City v. Hansen,* 779 P.2d 673, 675 (Utah 1989) ("[W]here general terms follow specific ones ... the general terms [should] be given a meaning that is restricted to a sense analogous to the preceding specific terms.").