804 P.2d 822

**Bruce E. MILLAR, Plaintiff/Appellee,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant/Appellant.**

**No. 2 CA–CV 90–0063.**

Court of Appeals of Arizona,
Division 2, Department B.

Sept. 28, 1990.

Review Granted in Part and Denied in Part Feb. 20, 1991.

---

Horvitz & Levy by Peter Abrahams and Kathy L. Eldredge, Encino, Cal., and Bury, Moeller, Humphrey & O'Meara by David C. Bury and Anna L. Torriente, Tucson, for defendant/appellant.

Payne and Harper, P.C. by John A. Harper, Green Valley, for plaintiff/appellee.

## OPINION

HOWARD, Judge.

This is an appeal from the granting of Millar's motion for summary judgment and a cross-appeal by Millar from the trial court's granting of a partial summary judgment in State Farm's favor on the issue of bad faith.

### FACTS AND PROCEDURE

Millar's home was damaged when the soil beneath it collapsed due to water which had escaped from a broken automatic sprinkler system. An inspection by a soils engineer revealed that the collapse of soil had caused substantial cracking and sloping of the walls and floor slabs of the house.

Millar informed State Farm of the loss. After investigating the claim State Farm agreed to pay up to $10,000 to replace,

rebuild, stabilize and otherwise restore the land necessary to support the insured dwelling but refused to pay for the damage to the house because it was excluded by the provisions of its policy. Millar then filed this suit against State Farm alleging breach of contract and bad faith.

The policy, under the bold-faced heading captioned "LOSSES NOT INSURED," contains the following:

1. We do not insure for any loss to the property described in Coverage A either consisting of, or directly and immediately caused by, one or more of the following:

\* \* \* \* \* \*

k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

\* \* \* \* \* \*

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. *We do not insure for such loss regardless of: (a) the cause of the excluded event;* or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss:

\* \* \* \* \* \*

b. Earth Movement, *meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not.* Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, *subsidence* and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION 1, ADDITIONAL COVERAGES for Volcanic Action.

(Emphasis added.)

State Farm moved for summary judgment on the issue of coverage and Millar filed a cross-motion contending that he was entitled to judgment as a matter of law. The trial court denied State Farm's motion and granted Millar's. State Farm subsequently filed a motion for partial summary judgment on the issue of bad faith and Millar responded by filing a cross-motion contending that he was entitled as a matter of law to judgment on the issue of bad faith. The trial court ruled in favor of State Farm on the bad faith issue and judgment was subsequently entered in favor of plaintiff and against State Farm in the sum of $150,000.

State Farm appeals from the portion of the judgment taken against it and Millar has cross-appealed from the dismissal of his bad faith claim.

## MILLAR'S CONTENTION

Millar contends (1) that the exclusion is ambiguous and if it is not ambiguous that the exclusion is inapplicable because a "subsidence" denotes a slow lowering of the land and not the type that occurred here; (2) the exclusion is inapplicable because the efficient proximate cause was the escape of the water from the sprinkler system and not earth movement; and (3) the concurrent cause earth movement exclusion is contrary to his expectation of coverage.

In his cross-appeal he contends the trial court erred in dismissing his bad faith claim. In view of our disposition we need not discuss this issue.

## DISCUSSION

 If there is an ambiguity in the insurance contract the Millar policy will be construed against the insurer, and this is especially true where the ambiguity involves an exclusionary clause. *Security Insurance Co. of Hartford v. Andersen,* 158 Ariz. 426, 763 P.2d 246 (1988). However, these rules of construction apply only when there is an ambiguity. Where the policy language is clear, a court may not take the easy way out by inventing ambiguity, then resolving it to find coverage where none exists under the policy. *Security Insurance Co. of Hartford v. Andersen, supra.* Parties to an insurance agreement may contract for any lawful coverage, and the insurer has a right to limit its liability by imposing conditions and restrictions on its obligation, provided those re-

strictions are not inconsistent with public policy. *Security Insurance Co. of Hartford v. Andersen, supra.* Provisions of insurance policies are to be construed according to their plain and ordinary meaning. *Sparks v. Republic National Life Insurance Co.,* 132 Ariz. 529, 647 P.2d 1127 (1982), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632. In determining whether an ambiguity exists in a policy, language should be examined from the viewpoint of one not trained in law or in the insurance business. *Sparks v. Republic National Life Insurance Co., supra.* A policy term is not ambiguous, however, merely because one party assigns a different meaning to it in accordance with his or her own interest. *Camp v. Deseret Mut. Benefit Ass'n.,* 589 P.2d 780 (Utah 1979).

Millar has referred us to many cases which have held the earth movement exclusion to be ambiguous or have held that it applied only to widespread natural disasters. However, in none of these cases does the policy contain the language used in the policy at issue here. Utah has interpreted a similar policy exclusion in the recent case of *Village Inn Apartments v. State Farm Fire and Cas. Co.,* 790 P.2d 581 (Utah App.1990). In the Utah case an underground water pipe had ruptured on the premises of the Village Inn Apartments and escaping waters had saturated the soil beneath the apartments, causing the foundation to settle almost eight inches. The policy contained the following language:

> The Company does not insure for loss which would not have occurred in the absence of one or more of the following excluded events. *The Company does not insure for such loss regardless of; a) the cause of the excluded event;* or b) other causes of the loss; or c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss:
>
> . . . .
>
> b. caused by, resulting from, contributed to, or aggravated by any of the following:
>
> (1) *earth movement, whether combined with water or not,* including but not limited to earthquake, volcanic eruption,

landslide, subsidence, mudflow, sinkhole, erosion, or the sinking, rising, shifting, expanding, or contracting of earth; . . .

790 P.2d at 582–83. (emphasis in original) In holding that the exclusion was not ambiguous and that it did not refer only to natural phenomena, the Utah court stated:

> In examining the subparagraph beginning "earth movement," we agree with appellants that the phrase could be limited to natural or geological processes if it is viewed in the isolation of that subparagraph and not linked to causation. Although the policy contains no definition of "earth movement," it is commonly defined as "differential movement of the earth's crust: elevation or subsidence of the land." *Webster's Third New Int'l Dictionary* 715 (1986).

We must, however, examine the policy language preceding the phrase. *See* 2 G. Couch, *Cyclopedia of Insurance Law* § 15.29 (rev.ed.1984) (all provisions of policy must be interpreted together as one contract). This "lead-in" clause, apparently a relatively recent addition by State Farm in its policies, clearly excludes from coverage any loss from earth movement, combined with water, *regardless of cause. See, e.g., State Farm Fire & Cas. Co. v. Martin,* 668 F.Supp. 1379, 1382 (C.D. Cal.1987); *aff'd,* 872 F.2d 319 (9th Cir.1989). Since the exclusion is for earth movement loss from *any* cause, we can only conclude earth movement encompasses both natural and human processes. In view of the lead-in language, we hold that the district court was correct in its interpretation that coverage was excluded under the policy as a matter of law.

790 P.2d at 583. (emphasis in original)

■ We agree with the Utah court and note that the exclusion in our case does define the term "earth movement" and includes in the definition the sinking or shifting of earth whether combined with water or not. That is what occurred here.

As for the word "subsidence," it does not mean only a gradual lowering of the earth. Webster's Third New International Dictio-

nary 2279 (1971) defines "subsidence" as "the act or process of subsiding: a falling, lowering, or flattening out...."

Next, we address Millar's argument that since the primary or the efficient cause of the loss was water and since the policy covers water damage loss, the loss here is covered. The policy specifically excludes coverage for losses which would not have occurred in the absence of earth movement "... regardless: of (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss...."

Only two decisions relied on by the plaintiff, *Safeco Insurance Co. of America v. Hirschmann,* 112 Wash.2d 621, 773 P.2d 413 (1989) and *Howell v. State Farm Fire and Cas. Co.,* 218 Cal.App.3d 1446, 267 Cal.Rptr. 708 (1990), have refused to enforce similar policy language. In the *Hirschmann* case the court relied on the fact that it had previously adopted the "efficient proximate cause" rule and that the exclusion would unlawfully allow the insurance company to avoid this rule. *Hirschmann* is contrary to Arizona law. We have never adopted the "efficient proximate cause" rule. In Arizona an insurer is permitted to limit its liability unless to do so would be inconsistent with public policy. *Security Insurance Co. of Hartford v. Andersen, supra.* Thus, we find the court in *Koory v. Western Casualty & Surety Co.,* 153 Ariz. 412, 737 P.2d 388 (1987), indicating that a concurrent cause exclusion, such as we have here, would be valid:

> In Arizona, as in most jurisdictions, an act or force need not be the sole cause of damage for causation to exist. *Ontiveros v. Borak,* 136 Ariz. 500, 505, 667 P.2d 200, 205 (1983); *McDowell v. Davis,* 104 Ariz. 69, 72, 448 P.2d 869, 872 (1968). *Absent limiting language in the policy, therefore, Koory is entitled to recover if a "windstorm" was the proximate cause of his loss, even "though there may have been other contributing causes."* ...

153 Ariz. at 414, 737 P.2d at 390. (emphasis added)

Millar's final contention is that the express terms of the policy were contrary to his reasonable expectations and therefore must be construed against State Farm and in favor of coverage. See *Darner Motor Sales, Inc. v. Universal Underwriters Insurance Co.,* 140 Ariz. 383, 682 P.2d 388 (1984). Specifically, he refers to a notice of policy change which he received which stated:

> New wording makes it clear that your policy only provides coverage for situations involving sudden and accidental discharge or overflow of water or steam. It was never intended to cover damage caused by continuous or repeated leakage which occurs over a period of time.

We do not agree.

■ The fact that one provision of the policy states that coverage is provided for loss due to the accidental discharge of water and a subsequent provision limits the circumstances under which that coverage is provided does not mean that the attempted limitation is contrary to the reasonable expectations of the insured. As the *Darner* court itself noted, "since most insureds develop a 'reasonable expectation' that every loss will be covered by their policy[,] ..." the reasonable expectation concept must be limited by something more than the fervent hope usually engendered by loss. *Darner Motor Sales, Inc. v. Universal Underwriters Insurance Co., supra,* at 390, 682 P.2d at 395. Thus, a plaintiff's expectation of coverage must be objectively reasonable. *Cf. Continental Insurance Company v. McDaniel,* 160 Ariz. 183, 772 P.2d 6 (App. 1988); *Green v. Mid-America Preferred Insurance Co.,* 156 Ariz. 265, 751 P.2d 581 (App.1987). Under the standard homeowner's policy, such as the one issued to Millar, coverage is provided for accidental loss unless expressly excepted. Millar has no basis for believing that any particular loss would be covered without first reading the relevant policy provisions. Here, those provisions informed him that no coverage would be provided for loss due to the combined effects of the accidental discharge of water and earth movement. If, as Millar seems to contend, all that was required to

defeat the operation of a policy exclusion under the reasonable expectation doctrine was a provision attempting to qualify or limit the scope of policy coverage, then every policy exclusion would be invalid as contrary to the insured's reasonable expectation of coverage.

■ Millar contends that State Farm's offer to pay $10,000 towards the cost of stabilizing the land beneath his home demonstrates that his expectation of coverage was reasonable. We do not agree. The reasonable expectation doctrine applies to events at the time coverage is purchased. Subsequent events are irrelevant.

We reverse with directions to enter judgment in favor of State Farm Fire & Casualty Company and against appellee Bruce E. Millar.

FERNANDEZ, C.J., and ROLL, P.J., concur.