**Phillip A. ALF and Katherine B. Alf, Plaintiffs and Appellants,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, Defendant and Appellee.**

No. 900582.

Supreme Court of Utah.

April 8, 1993.

Clark B. Fetzer, Patrick S. Hendrickson, Salt Lake City, for plaintiffs and appellants.

Henry E. Heath, Stuart H. Schultz, Salt Lake City, for defendant and appellee.

HALL, Chief Justice:

This case arises out of a breach of contract claim filed by Phillip and Katherine Alf against State Farm Fire and Casualty Company ("State Farm") for failing to honor the all-risk homeowners insurance policy (the "Policy") the Alfs purchased from State Farm. The Alfs appeal from an order granting State Farm's summary judgment motion and thereby denying coverage under the Policy. We affirm.

The facts in this case are not in dispute. On March 8, 1988, the Alfs purchased an all-risk homeowner's insurance policy on their home and premises in Draper, Utah. On or about February 15, 1989, while the Policy was in full force and effect, the main water line to the home froze and burst due to unusually low temperatures. As a result of the rupture, large volumes of water escaped, causing extensive flooding and soil erosion. The water washed away the soil beneath the tennis court, driveway, fences, and other structures on the Alfs' property, causing considerable damage.

The parties do not dispute the fact that the Policy covers repair or replacement of the ruptured pipe. However, State Farm refused to honor the Policy for the damage caused by the rupture, asserting that an exclusion for any loss due to "earth movement" precluded the Alfs from recovering under the Policy.[1] On October 3, 1989, the Alfs filed suit against State Farm, alleging claims for breach of the insurance contract and breach of the duty of good faith and fair dealing. State Farm responded by moving for summary judgment. The trial court granted State Farm's motion for summary judgment, finding that the Alfs could not recover under the Policy. The trial court based its ruling on *Village Inn*

---

1. The relevant provisions of the policy are:
   **SECTION I—LOSSES INSURED**
   We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I—LOSSES NOT INSURED.**

   ....

   **SECTION I—LOSSES NOT INSURED**

   2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss:

   ....

   **b. Earth Movement,** meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion.
   Paragraph 2 above is commonly referred to in the insurance industry as a "lead-in" clause.

*Apartments v. State Farm Fire & Casualty Co.,*[2] in which the Utah Court of Appeals denied coverage to a policy holder in a remarkably similar fact situation.

The Alfs contend that the trial court erred in concluding that the Policy did not cover their loss as a matter of law. On appeal, the Alfs claim that (1) the Policy is ambiguous and should therefore be construed against State Farm, (2) construing the exclusion against them violates their reasonable expectations of coverage, (3) *Village Inn* was incorrectly decided and should be overruled, and (4) the "ensuing loss" provision in the Policy covers their loss. We address each issue in turn.

### I. STANDARD OF REVIEW

■ We first note the appropriate standard of review. A trial court should grant summary judgment only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[3] Since the parties are in agreement as to the material facts, our review is limited to determining "whether the trial court erred in applying the governing law."[4] In deciding whether the trial court properly granted judgment as a matter of law, we accord the trial court's legal conclusions no deference but review them for correctness.[5]

### II. AMBIGUITY AND THE REASONABLE EXPECTATIONS DOCTRINE

The Alfs do not allege that any particular term within the Policy is ambiguous on its face. Instead, they claim that the Policy's explicit coverage for broken pipes and the exclusion denying recovery for damage caused by earth movement (which was, in turn, caused by a broken pipe) renders coverage so doubtful and uncertain that the Policy is ambiguous. Further, the Alfs continue, they had a reasonable expectation that damage caused by a covered peril would be compensable under the Policy, regardless of the fact that an uninsured peril entered into the chain of causation.

■ An insurance policy is merely a contract between the insured and the insurer and is construed pursuant to the same rules applied to ordinary contracts.[6] Whether an ambiguity exists in a contract is a question of law.[7] If a policy is ambiguous, doubt is resolved against the insurer.[8] However, if a policy is not ambiguous, no presumption in favor of the insured arises and the policy language is construed according to its usual and ordinary meaning.[9]

■ A contract may be ambiguous because it is unclear or omits terms[10] or, as the Utah Court of Appeals has stated, "if the terms used to express the intention of the parties may be understood to have two or more plausible meanings."[11] However, policy terms are not necessarily ambiguous simply because one party seeks to endow

2. 790 P.2d 581 (Utah Ct.App.1990).

3. Utah R.Civ.P. 56(c); *Clover v. Snowbird Ski Resort,* 808 P.2d 1037, 1039 (Utah 1991); *Hamblin v. City of Clearfield,* 795 P.2d 1133, 1135 (Utah 1990).

4. *Ferree v. State,* 784 P.2d 149, 151 (Utah 1989).

5. *Clover,* 808 P.2d at 1040; *Hamblin,* 795 P.2d at 1135.

6. *Bergera v. Ideal Nat'l Life Ins. Co.,* 524 P.2d 599, 600 (Utah 1974); *Village Inn,* 790 P.2d at 582.

7. *Faulkner v. Farnsworth,* 665 P.2d 1292, 1293 (Utah 1983); *Village Inn,* 790 P.2d at 582; *Ryan v. Mountain States Helicopter, Inc.,* 107 Idaho 150, 686 P.2d 95, 98 (Ct.App.1984).

8. *Fuller v. Director of Fin.,* 694 P.2d 1045, 1046 (Utah 1985); *Utah Farm Bureau v. Orville Andrews & Sons,* 665 P.2d 1308, 1309 (Utah 1983).

9. *Fire Ins. Exch. v. Alsop, D.C.,* 709 P.2d 389, 390 (Utah 1985); *Utah Farm Bureau,* 665 P.2d at 1309; *see also Camp v. Deseret Mut. Benefit Ass'n,* 589 P.2d 780, 782 (Utah 1979).

10. *Faulkner,* 665 P.2d at 1293.

11. *Village Inn,* 790 P.2d at 583 (citing *Property Assistance Corp. v. Roberts,* 768 P.2d 976, 977 (Utah Ct.App.1989)).

them with a different interpretation according to his or her own interests.[12]

■ Here, the alleged ambiguity is not the result of unclear language. Instead, the Alfs claim that the exclusion is inconsistent with the expected coverage and that the inconsistency creates an ambiguity in the policy. However, this logic would prevent application of any exclusion since exclusions are necessarily inconsistent with coverage. We decline to adopt a new definition of "ambiguous" that would render an exclusion invalid simply because it conflicts with the stated coverage in some way.

■ An "insurer may exclude from coverage certain losses by using 'language which clearly and unmistakably communicates to the insured the specific circumstances under which the expected coverage will not be provided.'"[13] The policy language used here is clearly stated and clearly labeled. It specifically excludes coverage for damage resulting from earth movement, despite the fact that the cause of the earth movement is a covered peril. In general, a court may not rewrite an insurance contract for the parties if the language is clear and unambiguous,[14] and we cannot do so here.

The Alfs also champion a related argument—that the inconsistent Policy language violates their reasonable expectations of coverage. "In general, the reason-

able expectations doctrine authorizes a court confronted with an adhesion contract to enforce the reasonable expectations of the parties under certain circumstances."[15]

However, this court recently addressed the validity of the reasonable expectations doctrine in *Allen v. Prudential Property & Casualty Insurance Co.*[16] and declined to adopt it as the law in Utah. We reasoned that existing equitable and tort remedies, when applied on a case by case basis, are adequate to protect against overreaching insurers.[17] Hence, our decision in *Allen* is dispositive of the Alfs' reasonable expectations claim.

## III. VILLAGE INN AND THE EFFICIENT PROXIMATE CAUSE DOCTRINE

In its findings of fact and conclusions of law supporting summary judgment, the trial court stated:

1. The Court finds that the case of *Village Inn Apartments v. State Farm Fire and Casualty Company*, 131 Utah Adv.Rep. 9, is governing and there is no coverage for the Plaintiffs' losses and Defendant is entitled to judgment as a matter of Law.

The Alfs claim that the trial court's reliance on the *Village Inn*[18] decision was misguided because that case was incorrectly decided. According to the Alfs, the rea-

**12.** *See Camp,* 589 P.2d at 782; *see also Village Inn,* 790 P.2d at 583; *Millar v. State Farm Fire & Casualty Co.,* 167 Ariz. 93, 804 P.2d 822, 825 (Ct.App.1990).

**13.** *Village Inn,* 790 P.2d at 583 (quoting *Wagner v. Farmers Ins. Exch.,* 786 P.2d 763, 765 (Utah Ct.App.1990) (quoting *Reserve Ins. Co. v. Pisciotta,* 30 Cal.3d 800, 180 Cal.Rptr. 628, 633, 640 P.2d 764, 769 (1982))); *see also Farmers Ins. Exch. v. Call,* 712 P.2d 231, 233 (Utah 1985) ("[A]n insurer may include in a policy any number or kind of exceptions and limitations to which an insured will agree unless contrary to statute or public policy."); *Millar,* 804 P.2d at 824–25.

**14.** *See Kane v. Royal Ins. Co. of Am.,* 768 P.2d 678, 683 (Colo.1989) ("[C]ourts will not force an ambiguity in order to resolve it against the

insurer."); *Millar,* 804 P.2d at 824 (court may not invent an ambiguity and resolve it to find coverage where none exists under policy).

**15.** *Allen v. Prudential Property & Casualty Ins. Co.,* 839 P.2d 798, 801 (Utah 1992) (citing Roger C. Henderson, *The Doctrine of Reasonable Expectations in Insurance Law After Two Decades,* 51 Ohio St.L.J. 823 (1990)); *see also Call,* 712 P.2d at 236–37; *Wagner v. Farmers Ins. Exch.,* 786 P.2d 763, 766 (Utah Ct.App.1990) (both discussing automobile insurance policies).

**16.** 839 P.2d 798, 805–06 (Utah 1992).

**17.** *Id.* at 805–06 & n. 16.

**18.** 790 P.2d 581 (Utah Ct.App.1990).

soning in *Village Inn* is flawed because it relied primarily on *State Farm Fire & Casualty Co. v. Martin,*[19] a case whose application has been severely limited by subsequent decisions in California state courts.

*Village Inn* presents a fact situation almost identical to the case at hand. In *Village Inn,* an underground water pipe burst on the premises of the Village Inn apartments in Cedar City, Utah. The escaping water saturated the soil beneath the apartments, causing the foundation to sink almost eight inches. Repair costs reached $70,000.[20] State Farm denied coverage under a clause in the policy excluding coverage for damage caused, either directly or indirectly, by earth movement.[21] The trial court in *Village Inn* found that the damage was caused by earth movement, and because the policy excluded loss from such movement regardless of the underlying cause, it granted summary judgment for State Farm.[22]

On appeal, Village Inn argued that "earth movement" should refer only to natural phenomena or, alternatively, that the phrase was undefined and ambiguous and should be construed against the insurer.[23] The court of appeals examined the language of the policy as a whole and determined that the lead-in clause precluded coverage:

> This "lead-in" clause, apparently a relatively recent addition by State Farm to its policies, clearly excludes from coverage any loss from earth movement, combined with water, *regardless of the cause. See, e.g., State Farm Fire & Cas. Co. v. Martin,* 668 F.Supp. 1379,

1382 (C.D.Cal.1987), *aff'd* 872 F.2d 319 (9th Cir.1989). Since the exclusion is for earth movement loss from *any* cause, we can only conclude earth movement encompasses both natural and human processes. In view of the lead-in language, we hold that the district court was correct in its interpretation that the policy was unambiguous and excluded coverage.[24]

Hence, because the earth movement clause was unambiguous, the court of appeals affirmed the decision of the court below.

The Alfs claim that the court of appeals' citation to the subsequently discredited *Martin* case in the above-quoted language renders the *Village Inn* decision suspect and that we should not follow it. We first note that *Village Inn* cited to *Martin* only once and used the introductory signal *"see, e.g."* in doing so. That signal indicates that the case cited clearly supports the proposition although the proposition is not directly stated in the cited authority and that "other authorities also state the proposition, but citation to them would not be helpful or is not necessary."[25] Thus, the court of appeals in *Village Inn* cited *Martin* only as a case supporting the conclusion it reached independently.

We next turn to the *Martin* case itself. In that decision, the United States District Court for the Central District of California granted summary judgment for State Farm and denied coverage for damage caused by earth movement or other excludable reasons. Again, the court interpreted the explicit terms of the lead-in clause to deny coverage.[26] Since *Martin* was decided, however, California courts have refused to

**19.** 668 F.Supp. 1379 (C.D.Cal.1987), *aff'd,* 872 F.2d 319 (9th Cir.1989) (applying California law).

**20.** *Village Inn,* 790 P.2d at 582.

**21.** The exclusion clause invoked by State Farm in *Village Inn* is for all practical purposes identical to the clause invoked in the present case. *See id.* at 582–83.

**22.** *Id.* at 582.

**23.** *Id.* at 583.

**24.** *Id.*

**25.** *The Bluebook: A Uniform System of Citation,* R. 1.2(a), at 22–23 (15th ed.1991).

**26.** *Martin,* 668 F.Supp. at 1382–83.

enforce such lead-in clauses in similar situations.[27]

■ The post-*Martin* California cases refuse to honor lead-in clauses because California has statutorily adopted the efficient proximate cause doctrine.[28] The efficient proximate cause of a loss is the cause that originally sets other events in motion.[29] Under this doctrine, if an insured peril is determined to be the efficient proximate cause of the loss, then an insurer may not exclude coverage simply because an intervening uninsured peril was the more immediate cause of the loss.[30] In other words:

> "[I]n determining whether a loss is within an exception in a policy, where there is a concurrence of different causes, the efficient cause—the one that sets others in motion—is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster." [31]

By claiming that *Village Inn* is incorrect because it relied on *Martin,* the Alfs are really asking this court to recognize the efficient proximate cause doctrine adopted in California. They point out that the doctrine has been applied in tort law in Utah [32] and suggest that it should be extended to the insurance arena. Although some states have adopted the efficient proximate cause doctrine, either judicially or by statute,[33] numerous others either have refused to adopt it or have determined that the express exclusionary terms of insurance policies override it.[34]

We believe that the proper path to follow is to recognize the efficient proximate cause rule only when the parties have not chosen freely to contract out of it. As the Colorado Supreme Court stated in *Kane v. Royal Insurance Co. of America,*[35] " '[T]he efficient proximate cause' rule, if it were adopted by this court, must yield to a well-settled principle of law: namely, that courts will not rewrite a contract for the parties." Couch's *Cyclopedia of Insurance Law* is consistent with this conclusion:

> The principles of causation should not be so closely applied as to defeat the intent of the parties as manifested in the contract of insurance.[36]
>
> . . . .
>
> In view of the wide use of limiting clauses in policies speaking in terms of a "sole" cause or similar provisions, it becomes academic to pursue the matter beyond recognizing that the contract of insurance may by its express terms "disqualify" a cause which, in the absence of

27. See *Garvey v. State Farm Fire & Casualty Co.,* 48 Cal.3d 395, 257 Cal.Rptr. 292, 770 P.2d 704 (1989); *Howell v. State Farm Fire & Casualty Co.,* 218 Cal.App.3d 1446, 267 Cal.Rptr. 708 (1990).

28. See Cal.Ins.Code §§ 530, 532.

29. See *Garvey,* 257 Cal.Rptr. at 295, 770 P.2d at 707.

30. See *id.,* 257 Cal.Rptr. at 295, 770 P.2d at 707; *Howell,* 267 Cal.Rptr. at 709.

31. *Garvey,* 257 Cal.Rptr. at 295, 770 P.2d at 707 (quoting *Sabella v. Wisler,* 59 Cal.2d 21, 27 Cal. Rptr. 689, 695, 377 P.2d 889, 895 (1963)).

32. See *Mitchel v. Pearson Enter.,* 697 P.2d 240, 246 (Utah 1985).

33. See *Garvey,* 257 Cal.Rptr. at 302, 770 P.2d at 714; *Howell,* 267 Cal.Rptr. at 716; *Safeco Ins. Co. of Am. v. Hirschmann,* 112 Wash.2d 621, 773

P.2d 413, 414 (1989) (efficient proximate cause doctrine judicially adopted).

34. See *Schroeder v. State Farm Fire & Casualty Co.,* 770 F.Supp. 558, 561 (D.Nev.1991) (even if doctrine existed in Nevada, parties contracted out of it); *Millar v. State Farm Fire & Casualty Co.,* 167 Ariz. 93, 804 P.2d 822, 826 (Ct.App. 1990) ("We have never adopted the 'efficient proximate cause' rule."); *Kane v. Royal Ins. Co. of Am.,* 768 P.2d 678, 685–86 (Colo.1989) ("[W]e decline to apply the 'efficient moving cause' rule where it abrogates the language to which the parties agreed."); *State Farm Fire & Casualty Co. v. Paulson,* 756 P.2d 764, 769 & n. 2 (Wyo. 1988) (upholding exclusion in lead-in clause of policy).

35. 768 P.2d at 685.

36. 18 George J. Couch, *Cyclopedia of Insurance Law* § 74:696, at 1009 (2d rev.ed.1983) [hereinafter Couch].

such a policy provision or under principles of general tort law, would be deemed a proximate cause. Thus, it has been held that the doctrine of proximate cause has no application in ascertaining liability upon policies which contain clauses relieving the insurance company from liability where death is caused or contributed to directly or indirectly, or wholly or partially, by disease, and the evidence shows that disease contributed to the death.[37]

The Wyoming Supreme Court has succinctly expressed the rationale for this rule:

> "[A] court [is restrained] from liberally and unreasonably construing an insurance contract to permit a strained or unnatural interpretation in order to find coverage for innocent victims who are subjects of enormous sympathy. Otherwise, the effect would be to bind the insurer to a risk that was not contemplated and for which it was not paid."[38]

As we discussed in section II above, the Policy's terms are not ambiguous. We must therefore interpret them according to their common meaning.[39] In accordance with the reasoning expressed above concerning causation, we hold that the efficient proximate cause rule must yield to the qualifying words agreed to by the parties and included in the Policy.[40]

## IV. ENSUING LOSS PROVISION

Finally, the Alfs briefly allege that a provision in the Policy allowing for coverage for loss ensuing from several enumerated occurrences covers their situation. A review of that section reveals that the ensuing loss provision is also subject to the exclusions listed under the "Loss Not In-

sured" section. Therefore, this claim must also fail.

We conclude that the trial court was correct in its interpretation of the law concerning the applicability of the earth movement exclusion in the Policy. We therefore affirm the grant of summary judgment for State Farm.

HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.

---

37. *Id.* § 74:705, at 1017.

38. *State Farm v. Paulson,* 756 P.2d at 772 (brackets in original) (quoting *D'Angelo v. Cornell Paperboard Prod. Co.,* 59 Wis.2d 46, 207 N.W.2d 846, 848 (1973)).

39. *See Fire Ins. Exch. v. Alsop, D.C.,* 709 P.2d at 390; *Camp v. Deseret Mut. Benefit Ass'n,* 589 P.2d 780, 782 (Utah 1979).

40. Because we hold that the efficient proximate cause doctrine does not govern in this situation, we do not address the Alfs' other arguments concerning its application to the facts in this case.