**NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, Plaintiff and Appellee,**

**v.**

**Jamie MOORE, through her natural father, David Moore; Alan Nielson; Sandra Nielson; and John Moore, by and through Sandra Nielson, his Guardian Ad Litem, Defendants and Appellant.**

**No. 930404–CA.**

Court of Appeals of Utah.

Oct. 12, 1994.

Gordon K. Jensen (Argued), Salt Lake City, for appellant.

D. Gary Christian, Shawn McGarry (Argued), Kipp & Christian, P.C., Salt Lake City, for appellees.

Before BENCH, DAVIS and ORME, JJ.

OPINION

BENCH, Judge:

Defendant Jamie Moore appeals the trial court's order granting summary judgment in favor of plaintiff in a declaratory judgment action. We affirm.

FACTS

In August 1988, defendant, a minor child, along with her mother and brother, moved to the farm of her new stepfather, Alan Nielson. Shortly thereafter, while defendant and her brother were in the garage on the farm, defendant was accidentally shot in the neck by a .22 caliber rifle which was in the possession of her brother. As a result 'of the shooting, defendant was rendered a quadriplegic. Thereafter, defendant filed a personal injury action against her brother, mother,

and stepfather. Several months later, plaintiff filed this separate declaratory judgment action to determine the enforceability of the household exclusion provision of the farmowners insurance policy. The household exclusion provision precluded recovery for bodily injury sustained on the premises to any resident or any person under the age of twenty-one in a resident's care. Plaintiff later filed a motion for summary judgment, requesting the court to declare that the household exclusion provision precluded coverage for defendant's injuries. The trial court granted plaintiff's motion and issued an order declaring that the policy did not cover defendant's injuries. Defendant now appeals the trial court's order.

### ISSUES

Defendant raises the following issues on appeal: (1) whether the trial court erred in rejecting her argument that the household exclusion provision is unenforceable because the policy was not delivered to her stepfather during its effective period; (2) whether the trial court erred in determining that the household exclusion provision is not void under the reasonable expectations/adhesion contract doctrine; (3) whether the trial court erred in determining that the household exclusion provision is not otherwise void as contrary to public policy; and (4) whether the trial court erred in determining there are no questions of fact that preclude entry of summary judgment.

### ANALYSIS

#### Delivery of the Insurance Policy

■ Defendant argues that the household exclusion provision is unenforceable because her stepfather never received a copy of the farmowners insurance policy in effect at the time of the accident during the current term of the policy. We disagree.

■ Plaintiff originally insured the farm approximately two years prior to defendant's injuries. At that time, defendant's stepfather received the farmowners insurance policy issued by plaintiff. Thereafter, insurance coverage was renewed through declaration sheets. Defendant's stepfather admits that he received the original policy and the declaration sheets. We do not believe that insurance companies are required to send a new copy of the original policy to an insured, along with modifications contained in the renewal notices, each time the policy is renewed. *See Parfrey v. Allstate Ins. Co.*, 815 P.2d 959, 963–64 (Colo.Ct.App.1991). Therefore, defendant's argument fails.[1]

#### Reasonable Expectations Doctrine

■ Defendant argues that the household exclusion provision in the policy is void under the reasonable expectations/adhesion contract doctrine. We disagree in view of the Utah Supreme Court's categorical rejection of this doctrine.

In *Allen v. Prudential Property & Casualty Insurance Co.*, 839 P.2d 798, 805–07 (Utah 1992), the supreme court rejected all forms of the reasonable expectations doctrine.[2] Subsequent to *Allen*, the Utah Supreme Court has consistently rejected the reasonable expectations doctrine. *See AOK Lands, Inc. v. Shand, Morahan & Co.*, 860 P.2d 924, 927 (Utah 1993); *Alf v. State Farm Fire & Casualty Co.*, 850 P.2d 1272, 1275 (Utah 1993). This court is not in a position to overrule or hold contrary to explicit holdings of the supreme court under the doctrine of stare decisis. *See State v. Thurman*, 846 P.2d 1256, 1269 (Utah 1993). We therefore reject defendant's request that we invalidate the household exclusion provision under the reasonable expectations doctrine.

#### Public Policy

■ Defendant argues that the household exclusion provision is nonetheless invalid be-

1. Defendant also argues that plaintiff is estopped from relying on the household exclusion provision of the farmowners insurance policy since the exclusion was not specifically explained to her stepfather. This argument was rejected in *Allen v. Prudential Property & Casualty Insurance Co.*, 839 P.2d 798, 803–04 (Utah 1992).

2. Instead, parties should rely on existing equitable doctrines such as "estoppel, waiver, unconscionability, breach of the implied duty of good faith and fair dealing, and the rule that ambiguous language is to be construed against the drafter...." *Allen*, 839 P.2d at 805–06 (footnotes omitted).

cause it is contrary to public policy. Defendant claims that the supreme court would strike down all household exclusions in all insurance policies written after 1986 based upon *State Farm Mutual Automobile Insurance Co. v. Mastbaum*, 748 P.2d 1042 (Utah 1987). In *Mastbaum*, the supreme court held that a household exclusion provision was valid for coverage under a motor vehicle insurance policy in excess of amounts statutorily required under Utah's No–Fault Insurance Act. *Id.* at 1044. However, three members of the court indicated, in dicta, that the 1986 amendments to Utah Code Ann. § 31A–22–303 and –309 (1986) demonstrated the legislature's intention to invalidate all post–1986 household exclusion provisions related to these statutes. *Id.* at 1044, 1045. Defendant therefore argues that, under *Mastbaum*, any household exclusion provision in any insurance policy is contrary to public policy. We disagree.

*Mastbaum* involved motor vehicle insurance, which is statutorily required, while the present case involves farmowners insurance, which is not statutorily required. Section 31A–22–303 and –309 relate only to motor vehicle insurance and have nothing to do with farmowners or homeowners insurance. Further, section 31A–22–309(2)(b), which involves exclusions in motor vehicle insurance policies, states that "[t]he provisions of this subsection do not limit the exclusions which may be contained in *other types of coverage*." Utah Code Ann. § 31A–22–309(2)(b) (1986) (emphasis added). Therefore, *Mastbaum*'s dicta concerning the validity of post–1986 household exclusion provisions relates solely to motor vehicle insurance policies and cannot be read to apply to farmowners insurance policies.[3]

### Questions of Fact

Defendant argues that the language of the household exclusion provision involves questions of fact that cannot be determined on summary judgment. Specifically, defendant argues that the terms "resident" and "in the care of" in the household exclusion provision create questions of fact. There is no dispute about the underlying facts in the present case. The only possible dispute is whether defendant qualified as a "resident" and was "in the care of" her mother or stepfather. The household exclusion provision is unambiguous. It excludes "[b]odily injury to you and, if residents of your household, your relatives, and any other person under the age of 21 in your care or in the care of your resident relatives."

Defendant, along with her brother and mother, moved to her new stepfather's farm. Defendant's stepfather was the named insured under the farmowners insurance policy. Defendant was injured while on the farm. According to its plain and ordinary meaning, the policy can only be interpreted to exclude defendant's injury. *See Valley Bank & Trust v. U.S. Life Title Ins. Co.*, 776 P.2d 933, 936 (Utah App.1989).

The household exclusion provision in the present case is very similar to the household exclusion upheld on summary judgment in *Allen*. In *Allen*, the household exclusion provision precluded coverage to "residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured." *Allen*, 839 P.2d at 807. To adopt defendant's argument in the present case, we would have to deviate from *Allen*. We are not in a position to do so. *See Thurman*, 846 P.2d at 1269. Therefore, the trial court properly granted summary judgment regarding defendant's status as a "resident" and "in the care of" her mother or stepfather.

### CONCLUSION

The trial court did not err in rejecting defendant's argument that the household exclusion provision is unenforceable because her stepfather never received a duplicate copy of the original policy upon subsequent renewals. The trial court did not err in

---

**3.** Defendant's other arguments under the public policy section of her brief relate more directly to the previous section of this opinion under the

reasonable expectations doctrine and need not be revisited. *See AOK Lands, Inc. v. Shand, Morahan & Co.*, 860 P.2d 924, 927 (Utah 1993).

rejecting the reasonable expectations doctrine since it has no application in Utah. Further, the trial court did not err in determining that the household exclusion provision of the policy is not otherwise void on public policy grounds. Finally, there is no issue of fact as to whether defendant was a "resident" and "in the care of" her mother or stepfather.

Therefore, we affirm the trial court's grant of summary judgment.

DAVIS and ORME, JJ., concur.