963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobbietter J. LACKLAND, Plaintiff-Appellant,
v.
NATIONAL BUSINESS FACTORS COLLECTION AGENCY, Defendant,
and
Montgomery Ward Department Store, et al.,
Real-parties-in-interest/Appellees
 No. 90-15557.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1991.*
Decided May 19, 1992.
 
 1
 Before CHOY, WILLIAM A. NORRIS and KLEINFELD, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Appearing pro per, appellant ("Lackland") contends: (1) that the district court erred in entering summary judgment on her claims for libel and slander as well as for breach of the covenant of good faith and fair dealing, and the state provision codifying this common law duty under California Insurance Code § 790; (2) that the district court erred in granting summary judgment without a hearing; (3) that the district court's dismissal under Federal Rule of Civil Procedure 41 of her claim for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 was improper; and (4) that the trial court erred in denying her motion to disqualify Judge Conti for bias or prejudice under 28 U.S.C. §§ 144 and 455(b)(1). Finding appellant's claims unmeritorious, we affirm.
 
 
 4
 At issue primarily in this case is the coverage of a credit insurance policy issued to Lackland by Central National Insurance ("Central"). In June 1976 Lackland opened a credit account with Montgomery Ward Department Store ("Ward") and at the same time she obtained credit insurance for her Ward account from Central. The Central policy provided benefits in the event Lackland suffered involuntary loss of employment.[1]
 
 
 5
 In May 1980 Lackland became eligible to receive benefits under the policy because she was involuntarily unemployed, and she does not dispute that Central made nine consecutive monthly scheduled payments on her Ward account from May 1980 to January 1981. Shortly after these benefits were paid appellees claim that Lackland missed eight consecutive required monthly payments and as a consequence Ward closed the account in June 1982 with a balance of approximately $1200.00. In accordance with the terms of the Central policy, upon the closure of her Ward account Central terminated Lackland's credit insurance and ceased charging premiums on that policy.
 
 
 6
 (1) Grant of Summary Judgment
 
 
 7
 We review a grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractor's Ass'n, 809 F.2d 626, 629 (9th Cir.1987); Lamothe v. Atlantic Recording Corp., 847 F.2d 1403, 1404 (9th Cir.1988). A review of the evidence confirms that the district court properly granted summary judgment as to both claims.
 
 
 8
 (a) Breach of the Covenant of Good Faith
 
 
 9
 An insurer is liable in tort for breach of the common law convenant of good faith and fair dealing and § 790 of the California Insurance Code, which codifies that duty, Richardson v. GAB Business Servs., 207 Cal.Rptr. 519, 522 (App.1984), when it unreasonably and in bad faith withholds payment of a claim. Gruenberg v. Aetna Ins. Co., 510 P.2d 1032, 1036-38 (Cal.1973); Austero v. National Casualty Co., 84 Cal.App.3d 26, 25-26 (1978).
 
 
 10
 The district court entered summary judgment based on unrebutted evidence which established that Central fully and faithfully executed its contractual duties in determining and paying Lackland's payments under the contract. The court further found that she presented no evidence to support her allegations that, at the time it sold the policy to her, Central made representations that it would pay the full balance of her account and make payments beyond the nine-month period stated in the policy itself.
 
 
 11
 The record is devoid of any evidence supporting Lackland's contentions regarding these extra-contractual representations. Given this deficiency only the provisions of the insurance contract itself and Central's unrefuted compliance with its terms remain as a measure of Central's good faith fulfillment of its contractual duties. We find that the trial court properly entered summary judgment for Central as a matter of law. Kopczynski v. Prudential Ins. Co., 211 Cal.Rptr. 12, 14 (App.1985); Austero, 84 Cal.App.3d at 24-25.
 
 
 12
 (b) Libel and Slander
 
 
 13
 Lackland also challenges the district court's entry of summary judgment on her claim against Ward for libel or slander. Lackland's claim is based on her assertion that Ward slandered her by wrongfully reporting to credit reporting agencies that the status of her account was "charged off."
 
 
 14
 Again the district court was proper in granting Ward's motion. The unrefuted evidence indicates that Lackland's account was in fact "charged off" as uncollectible after she failed to make payments for eight consecutive months. Since the contents of the reports Ward made to credit agencies were truthful, as a matter of law Lackland's claim that she was libeled must fail.
 
 
 15
 (2) Summary Judgment Without a Hearing
 
 
 16
 Lackland contends that the district court acted contrary to the Federal Rules of Civil Procedure in deciding appellees' motion for summary judgment without a hearing or oral argument.
 
 
 17
 Lackland did not request an oral hearing on Appellees' motion for summary judgment. In the absence of prejudice a district court's failure to grant an oral hearing on a motion for summary judgment does not constitute reversible error. Fernhoff v. Tahoe Regional Planning Agency, 803 F.2d 979, 983 (9th Cir.1986); Houston v. Bryan, 775 F.2d 516, 518 (9th Cir.1984). The record in this case bears no indication that Lackland suffered any prejudice as a result of the court's actions.
 
 
 18
 (3) Motion to Dismiss
 
 
 19
 Lackland contends that the district court erred in granting appellees' motion to dismiss her claim under the Fair Credit Reporting Act. Under Federal Rule of Civil Procedure 41(b) an involuntary dismissal based on a determination that upon the facts and the law a party has shown no right to relief is viewed as a judgment in the defendant's favor following a trial by the court, and we review findings of fact under the clearly erroneous standard and questions of law de novo. Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 671 (9th Cir.1988). Alternatively, a Rule 41(b) dismissal for failure to prosecute is reviewed for an abuse of discretion. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam). Despite the district court's failure to state in its order whether the dismissal was for failure to prosecute or because upon the facts and the law Lackland had shown no right to relief, under either interpretation of the district court's order, the district court properly dismissed the claim.
 
 
 20
 The district court left for trial the issue of whether or not Ward obtained a copy of Lackland's credit report after the filing of this action under "false pretenses" within the meaning of the Fair Credit Reporting Act. On the date set for trial, however, Lackland appeared with no witnesses, allegedly because she believed that the trial had been "vacated." The judge properly determined that neither of the two witnesses Lackland intended to call could offer admissable testimony. Although the court twice suggested that Lackland take the stand and testify on her own behalf, she refused in both instances. Moreover, when the court prompted her to offer the credit report into evidence she declined to do so.
 
 
 21
 On this record, viewed as a dismissal for failure to prosecute, the district court's dismissal was not an abuse of discretion and interpreted as a determination that Lackland had established no right to relief the dismissal was not error.
 
 
 22
 (4) Ninth Circuit Review of Its Own Denial of Writ of Mandamus After Supreme Court Denial of Petition for Writ of Certiorari
 
 
 23
 Subsequent to the district court's denial of her motion for disqualification of Judge Conti under 28 U.S.C. §§ 144 and 455(b)(1) Lackland filed a notice of appeal of the district court's order with the Ninth Circuit. This court, construing Lackland's filing served on August 29, 1988, as a motion to dismiss under Federal Rules of Appellate Procedure 42(b), granted that motion. Lackland then filed a petition for a writ of mandamus in this court. That petition was denied as was her subsequent petition for writ of certiorari in the United States Supreme Court.
 
 
 24
 Lackland now requests that this court review the propriety of its own earlier denial of her petition. Her request is entirely improper. Proceedings in mandamus are independent adversary suits and final judgments in mandamus are reviewable on appeal to the same extent and in the same manner as are final judgments in other proceedings. Detroit & M.R. Co. v. Michigan R.R. Comm'n, 240 U.S. 564, 571 (1915). A final judgment of this court may only be reviewed by the United States Supreme Court through a petition for writ of certiorari which, in its discretion, the Supreme Court may or may not grant. Supreme Court Rule 10. In this case the Supreme Court denied Lackland's petition for writ of certiorari.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 After payments had been made for the maximum term of nine months, Lackland could become eligible for additional credit insurance benefits if she became fully employed for at least 30 days. The certificate of insurance also provided that the policy automatically would be canceled (1) on the date the accountholder was more than 90 days delinquent in making credit account payments; or (2) on the date the accountholder's credit account was terminated