[No. B005500. Second Dist., Div. Four. Feb. 19, 1985.]

GARY A. KOPCZYNSKI, Plaintiff and Appellant, v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA,
Defendant and Respondent.

**COUNSEL**

Movius, Copelan, Kopczynski & Overgaard and Michael J. Movius for Plaintiff and Appellant.

Adams, Duque & Hazeltine, James S. Cline and Lary Alan Rappaport for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—This case involves the plaintiff's attempt to secure a third item of recovery for an injury. For the reasons set forth below, we affirm the action of the trial court in denying this latest attempt.

Plaintiff was employed on a vessel which, at the time involved, was docked at Los Angeles Harbor. While assisting in unloading some empty oil drums, he slipped and suffered a major back injury. He first applied for a recovery under the Longshoreman Harbor Workers Compensation Benefits Act (LHWC) and secured over $17,000 under that claim. He then was advised to seek recovery from the ship owner under the so-called "Jones Act" and, after a jury trial, received a verdict for his injuries.[1] While that action was still pending on appeal, he brought the present action to recover under a group insurance policy taken out by his employer with defendant insurance company. The insurer denied liability under an "exclusion"

[1] In that action the jury verdict was for $450,000 compensatory damages (after deducting 35 percent for comparative negligence), $55,301 for maintenance and care, and $325,000 punitive damages. On appeal, the punitive damage award was reversed, but the other awards were affirmed. (*Kopczynski* v. *The Jacqueline* (9th Cir. 1984) 742 F.2d 555.) The result is that plaintiff has already recovered over $522,000 because of his injury.

clause in that policy. The trial court agreed and granted summary judgment against the plaintiff. He has appealed; we affirm.

I

■ Plaintiff here contends that the policy language's exclusion clause is inherently ambiguous, and becomes additionally ambiguous because of language in the informational booklet provided to him by the insurer. We agree with the trial court that the policy language is not ambiguous, and we conclude that, even if the booklet language were to be considered,[2] no ambiguity would be created.

The policy language here pertinent, reads as follows:

"Generally Excluded Charges

"(1) Occupational Injury or Disease Charges—charges incurred in connection with (a) injury arising out of, or in the course of, any employment for wage or profit or (b) disease covered, with respect to such employment, by any workmen's compensation law, occupational disease law or similar legislation."

The pertinent language in the booklet reads as follows:

"THE MAJOR MEDICAL EXPENSE INSURANCE DOES NOT COVER

"1. Service or supplies received as a result of an accident related to employment, or sickness covered under workmen's compensation or similar law."

It is clear that the language used was designed to exclude from coverage *all* work-related injuries. Since the locale of an accident will hardly ever be a subject of dispute its work-related nature will not be an issue between the insured and the carrier, but the work-related nature of "sickness" may well be a matter of dispute. If the sickness is in fact work-related, it will be expected that that fact will have been, or will be, litigated in proceedings under some form of workers' compensation and if, but only if, the insured has recovered in such a proceeding, coverage under the policy will clearly not exist. The injury herein involved was admittedly work-related.[3] As such, the policy language is clear and permits of no interpretation. Although

---

[2]The booklet and its language was not part of the record legitimately before the trial court, because the declaration which plaintiff presented, did not show a proper foundation since it was not executed by plaintiff himself. However, since the contention that it created an ambiguity might have been presented by a correct declaration, we have considered it as though it had been properly before the trial court.

[3]The work relation was, of necessity, a part of plaintiff's successful claim under LHWC and under the Jones Act. He does not here contend the lack of work-relation.

the phrasing in the booklet is slightly different, it still expresses the same distinction between accidents and sickness. There being no issue as to interpretation, the summary judgment was proper; it is affirmed.[4]

## II

The complaint seeks damages against the company for "bad faith." Since the company's position is upheld, clearly there can have been no "bad faith" in its denial of liability. Although plaintiff is here the loser, we cannot say that its position, although not valid, was frivolously urged; respondent's request for a sanction for frivolity is denied.

The judgment is affirmed. Respondent shall recover the ordinary costs on appeal.

McClosky, J., and Shumsky, J.,* concurred.

---

[4]We are cited to no California cases and, so far as we know, this is a case of first impression in California. Five decisions in other jurisdictions all have reached the same result as we reach here. (*Roskell* v. *Prudential Ins. Co.* (10th Cir. 1976) 529 F.2d 1; *Brezan* v. *Prudential Ins. Co.* (E.D.Pa. 1981) 507 F.Supp. 962; *Wilson* v. *Prudential Ins. Co.* (Okla.App. 1974) 528 P.2d 1135; *Wilson* v. *Prudential Ins. Co.* (Okla. 1982) 645 P.2d 521; *Prudential Ins. Co.* v. *Bellar* (Fla.App. 1980) 391 So.2d 737.)

*Assigned by the Chairperson of the Judicial Council.