**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff–Appellee,**

v.

**Steven M. MARTIN; Peggy D. Martin, Defendants–Appellants.**

**No. 87–6109.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 1989.

Decided April 10, 1989.

Paul B. Witmer, Santa Ana, Cal., for defendants-appellants.

Peter Abrahams, Kathy L. Eldredge, Horvitz & Levy, Encino, Cal., Jeffrey H. Leo, Daniel L. Gardner, Douglas R. Irvine, Parkinson, Wolf & Leo, Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE, CANBY and TROTT, Circuit Judges.

PER CURIAM:

Steven and Peggy Martin (the Martins) appeal the entry of summary judgment in favor of State Farm Fire & Casualty Co. (State Farm) in its action for declaratory relief. State Farm sought and obtained a declaration that certain damage to the Martins' home was excluded from coverage under a State Farm homeowner's insurance policy issued to the Martins. On appeal, the Martins argue that (1) the exclusions in their policy are ambiguous and a genuine issue of material fact existed over whether the damage to their home was covered; (2) the district court erred in crediting a concurrent causation provision in the policy since that provision was contrary to California law; and (3) the district court improperly granted summary judgment to State Farm on various counterclaims of the Martins. The district court had jurisdiction of this diversity action under 28 U.S.C. § 1332. We have jurisdiction of this timely appeal pursuant to 28 U.S.C. § 1291.

The district court set forth the undisputed facts. *State Farm Fire & Casualty Co. v. Martin*, 668 F.Supp. 1379, 1380–81 (C.D.Cal.1987). We review a summary judgment independently. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986). The district court's interpretation and application of state law is entitled to no special deference but is reviewed independently. *Matter of*

*McLinn,* 739 F.2d 1395, 1397 (9th Cir.1984) (en banc).

The Martins first argue that the district court erred in granting summary judgment because the policy's exclusions are ambiguous and there existed a genuine issue of fact whether the policy covered the damage to their home. We agree with the district court that the policy exclusions are unambiguous and the Martins failed to raise a genuine issue of material fact regarding coverage. 668 F.Supp. at 1381–83. However, one part of the district court opinion requires clarification.

■ Because the insurer bears the burden of proving an excepted risk or the applicability of an exclusion, *see Searle v. Allstate Life Insurance Co.,* 38 Cal.3d 425, 437–38, 212 Cal.Rptr. 466, 696 P.2d 1308 (1985), the district court erroneously relied on *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), in holding that the Martins failed to make a sufficient showing on this element. 668 F.Supp. at 1383. In fact, State Farm and not the Martins bore the burden on this element. Nonetheless, this does not require reversal. Viewing the evidence in the record in the light most favorable to the Martins, we do not believe that "a fair-minded jury could return a verdict for [the Martins] on the evidence presented." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

■ The Martins next argue that the district court erred in enforcing a concurrent causation provision in State Farm's homeowner's policies. Paragraph Two of the State Farm policy excluded from coverage

loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: a) the cause of the excluded event; or b) other causes of the loss; or c) *whether other causes acted concurrently or in any sequence with the excluded event* to produce the loss.

. . . .

b. Earth Movement, whether combined with water or not, including but not limited to earthquake, volcanic eruption, landslide, subsidence, mudflow, sinkhole, erosion, or the sinking, rising, shifting, expanding, or contracting of earth.

(Emphasis added.) The Martins argue that State Farm may not exclude concurrent causation from policy coverage because such exclusion violates California Insurance Code § 530. Section 530 provides:

An insurer is liable for a loss of which a peril insured against was the proximate cause, although a peril not contemplated by the contract may have been a remote cause of the loss; but he is not liable for a loss of which the peril insured against was only a remote cause.

Cal.Ins.Code § 530 (West 1972 & Supp. 1989).

We agree with the district court that "[a]n insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." *Continental Casualty Co. v. Phoenix Construction Co.,* 46 Cal.2d 423, 432, 296 P.2d 801, 806 (1956); *State Farm Mutual Auto Insurance Co. v. MacKenzie,* 85 Cal.App. 3d 727, 732, 149 Cal.Rptr. 747, 750 (1978). California Insurance Code § 530 provides guidance when a policy is silent on concurrent causation; it does not prohibit inclusion of a provision similar to the concurrent causation provision in the State Farm policy. *See National Insurance Underwriters v. Carter,* 17 Cal.3d 380, 388, 551 P.2d 362, 367, 131 Cal.Rptr. 42, 47 (1976) ("[I]n the absence of any general declaration of public policy mandating coverage ... [the court will not] interfere with the parties' full freedom to contract for coverage on any terms not specifically prohibited by statute.").

■ The Martins lastly challenge the summary judgment based on their counterclaims for (1) breach of an implied covenant of good faith and fair dealing, and (2) bad faith investigation of their claim in violation of California Insurance Code § 790.03(h). 668 F.Supp. at 1381. We

agree with the district court that the Martins presented "no evidence" to support these counterclaims. *Id.* at 1379; *see also Kopczynski v. Prudential Insurance Co.,* 164 Cal.App.3d 846, 849, 211 Cal.Rptr. 12, 14–15 (1985) (since insurance company's interpretation of policy was correct, there clearly was no bad faith).

AFFIRMED.