[No. G007004. Fourth Dist., Div. Three. Dec. 21, 1989.]

STEVEN BRODKIN et al., Plaintiffs and Appellants, v.
STATE FARM FIRE & CASUALTY COMPANY, Defendant and
Respondent.

## COUNSEL

Lipsky & Blickenstaff, Kenneth C. Blickenstaff, J. Edward Noneman, Jr., Shernoff, Scott & Bidart, and Michael J. Bidart for Plaintiffs and Appellants.

Parkinson, Wolf, Lazar & Leo, Wolf & Leo, Jeffrey H. Leo, Douglas R. Irvine, Jeffrey S. King, Horvitz & Levy, Peter Abrahams and Lisa Perrochet for Defendant and Respondent.

## OPINION

**SCOVILLE, P. J.**—The sole issue presented by this appeal is whether the corrosion of a house foundation due to soil contamination is a covered peril under an "all-risk" homeowners insurance policy. The trial court found that it was excluded under the terms of the policy and granted summary judgment in favor of the insurer. We agree and affirm the judgment.

I

*The Complaint*

Plaintiffs Steven and Francine Brodkin are the owners of a single-family residence in La Palma. They were insured by defendant State Farm Fire &

Casualty Company under a homeowners insurance policy which provided coverage for "accidental direct physical loss" to the dwelling.[1]

In July 1985 the Brodkins discovered numerous cracks in the floor and foundation of the house. They filed a claim with State Farm, but the claim was denied on the ground the damages were excluded under the terms of the policy.

Two months later the Brodkins filed an action against State Farm and Chiquita Ector, the claims adjuster, alleging the damage to the foundation was "caused by the presence in the underlying soils of, among other things, cow urine which, due to the negligence of the builder, developer, and constructor of the residence, was allowed to remain in the soil and for which no adequate precautionary or remedial efforts were taken." In addition, they alleged State Farm breached its duty of good faith and fair dealing by, inter alia, failing to pay benefits when it knew the claim was covered under the policy, refusing to conduct a geological survey to discover the nature and extent of the problem, and selectively denying their claim while paying benefits to other homeowners similarly situated.

The Brodkins also alleged a statutory cause of action under Insurance Code section 790.03 for misrepresentation as to whether the claim was covered (subd. (h)(1)), failure to adopt standards for the prompt investigation and processing of claims (subd. (h)(3)), failure to effect a prompt, fair or equitable settlement of claims when liability was reasonably clear (subd. (h)(5), and denying benefits without a reasonable explanation as to the basis of the denial (subd. (h)(13)). The complaint sought both compensatory and punitive damages.

*The Insurance Policy*

State Farm denied the allegations in the complaint and alleged loss was excluded under the policy. The policy provides in pertinent part:
> "SECTION I - LOSSES INSURED
> "COVERAGE A - DWELLING

"We insure for accidental direct physical loss to the property described in Coverage A except as provided in SECTION I - LOSSES NOT INSURED.

---

[1] State Farm argues that the policy in question is not an "all-risk" policy because the words "all risk" do not appear in it. Rather, State Farm asserts it is an "accidental direct physical loss" policy. To us, it looks no different than the normal all-risk policy. However, we need not meet this issue since, as we discuss below, the policy, no matter what it is called, does not cover the claim made here.

" . . . . . . . . . . . . . . . . . .

## "SECTION I - LOSSES NOT INSURED

"1. We do not insure for loss to the property described in Coverage A either consisting of, or directly and immediately caused by, one or more of the following:

" . . . . . . . . . . . . . . . . . .

"b. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence, pavement, patio, swimming pool, foundation, retaining wall, bulkhead, pier, wharf or dock;

" . . . . . . . . . . . . . . . . . .

"e. leakage or seepage of water or steam unless sudden and accidental from a: [¶] (1) heating or air conditioning or automatic fire protective sprinkler system; [¶] (2) household appliance; or [¶] (3) plumbing system, including from or around any shower stall or other shower bath installation, bath tub or other plumbing fixture; . . .

"f. wear, tear, marring, deterioration, inherent vice, latent defect and mechanical breakdown;

"g. rust, mold, wet or dry rot;

"h. contamination, smog, smoke from agricultural smudging or industrial operations;

"i. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings;

" . . . . . . . . . . . . . . . . . .

"2. We do not insure under any coverage for loss (including collapse of an insured building or part of a building) which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: a) the cause of the excluded event; or b) other causes of the loss; or c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss:

"a. Ordinance or Law, meaning enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure.

"b. Earth Movement, meaning any loss caused by, resulting from, contributed to or aggravated by earthquake; landslide; mudflow; sinkhole; erosion; ·the sinking, rising, shifting, expanding or contracting of the earth. . . .

". . . . . . . . . . . . . . . . . .

"3: We do not insure under any coverage for loss consisting of one or more of the items below:

"a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

"b. defect, weakness, inadequacy, fault or unsoundness in: [¶] (1) planning, zoning, development surveying, siting; [¶] (2) design, specifications, workmanship, construction, grading, compaction; . . ."

*The Summary Judgment Motion*

State Farm moved for summary judgment on the ground the insurance policy does not cover earth movement, third party negligence, contamination or deterioration. It contended the exclusions were clear and unambiguous and that similar claims by other policyholders under identical policy language were held to be caused by excluded perils. (See *State Farm Fire and Cas. Co.* v. *Martin* (9th Cir. 1989) 872 F.2d 319; *State Farm Fire and Cas. Co.* v. *Martin* (C.D.Cal. 1987) 668 F.Supp. 1379.) The motion was supported by the declaration of Chiquita Ector.

The Brodkins opposed the motion on the ground State Farm failed to meet its burden of proving the Brodkins' loss was excluded under the policy. Characterizing the declaration of State Farm's adjuster as unsupported by any evidence, they asserted there was no proof their loss was due to earth movement. They submitted copies of geotechnical engineering reports prepared for other residences in La Palma which confirmed that corrosives in the soil caused and contributed to the damage to concrete foundations and metal piping in the area. The reports theorized that the corrosives were due either to cow urine, because the land was previously the site of a dairy operation, or to the natural condition of the land, because the land was once a swamp.

Relying on *Sabella* v. *Wisler* (1963) 59 Cal.2d 21 [27 Cal.Rptr. 689, 377 P.2d 889] and *State Farm Mut. Auto. Ins. Co.* v. *Partridge* (1973) 10 Cal.3d 94 [109 Cal.Rptr. 811, 514 P.2d 123] (limited by *Garvey* v. *State Farm Fire*

& *Casualty Co.* (1989) 48 Cal.3d 395, 412 [257 Cal.Rptr. 292, 770 P.2d 704]), the Brodkins asserted that "coverage may be found not only where the included risk is the efficient or moving cause of the harm, but also where an included risk is *a* concurrent proximate cause of the harm." *Farmers Ins. Exchange* v. *Adams* (1985) 170 Cal.App.3d 712, 722 [216 Cal.Rptr. 287], italics in the original, limited by *Garvey* v. *State Farm Fire & Casualty Co., supra*, 48 Cal.3d 395, 411-412, fn. 10.) They contended that the existence of contaminants in the soil was a concurrent proximate cause and therefore their claim was covered under the terms of the policy.

The trial court reviewed the homeowners policy and determined the loss was excluded. Summary judgment was granted in favor of State Farm on the coverage issue. A motion for reconsideration was denied and the Brodkins appeal from the judgment.

## II

▮ The Brodkins argue State Farm failed to prove the loss was excluded by the terms of the policy since there was no evidence as to the cause of the loss, and the proximate cause of the loss, corrosive soils, was not excluded. The arguments are without merit.

▮ Under Code of Civil Procedure section 437c, summary judgment is proper where there is no triable issue of fact and the sole question is one of law. (*Merced Mutual Ins. Co.* v. *Mendez* (1989) 213 Cal.App.3d 41, 45 [261 Cal.Rptr. 273].) The interpretation of an insurance policy presents a question of law when the underlying facts are undisputed. *Royal Globe Ins. Co.* v. *Whitaker* (1986) 181 Cal.App.3d 532, 536 [226 Cal.Rptr. 435].) We recognize that an appellate court is not bound by the trial court's interpretation of the policy and that it must independently review it, aware that when an insurer seeks summary judgment on the ground the claim is excluded, the burden is on the insurer to prove that the claim falls within an exclusion. (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 880 [151 Cal.Rptr. 285, 587 P.2d 1098].)

▮ In a first party claim case, such as the one before us, whether a claim is covered or excluded under the terms of the policy turns not on whether the alleged cause of the loss was a concurrent cause of the damage, but whether it was the "efficient proximate cause" of the loss. *Garvey* v. *State Farm Fire & Casualty Co., supra*, 48 Cal.3d at p. 403.) As the court explained in *Sabella* v. *Wisler, supra*, 59 Cal.2d 21, 31-32, " '[I]n determining whether a loss is within an exception in a policy, where there is a concurrence of different causes, the efficient cause—the one that sets others in motion—is the cause to which the loss is to be attributed, though the other

causes may follow it, and operate more immediately in producing the disaster.' "

As the Brodkins point out, the efficient proximate cause of the loss here is disputed. State Farm suggests the cracking is due to earth movement, whereas the Brodkins contend it is due to the presence of corrosives in the soil. The Brodkins even suggest the loss maybe due to the negligent construction of the house, thereby raising the specter of a claim based on third party negligence. ▆▆▆ But even where the parties may disagree over the factual question of proximate cause, summary judgment is still proper if all of the alleged causes of the loss are excluded under the policy. (See *State Farm Fire & Casualty Co.* v. *Superior Court* (1989) 215 Cal.App.3d 1435 [264 Cal.Rptr. 269].)

There are three asserted causes of the cracking and corrosion of the foundation. First, State Farm contends the damage is due to earth movement. If earth movement is the proximate cause of the loss, the Brodkins' claim is clearly barred under that part of the policy which excludes claims based on "settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings," and that part which excludes coverage resulting from "the sinking, rising, shifting, expanding or contracting of the earth." (See *State Farm Fire and Cas. Co.* v. *Martin, supra*, 668 F.Supp. at p. 1382.)

Second, the Brodkins assert the damage is due to the presence of corrosives in the soil.[2] If the existence of cow urine, swamp seepage, or other corrosives in the soil is the proximate cause of damage to the foundation of the house, the claim is clearly barred under that part of the policy which excludes claims for the "leakage or seepage of water," "wear, tear," "deterioration," "inherent vice" and "contamination." The plain meaning of the exclusion is the insurer will not cover slow-moving disintegration or corrosion of the concrete foundation because of external forces. Whether deterioration be termed corrosion, decay, or any one of several other synonyms, damage caused by contact between the soil and foundation of the house is precisely the type of loss the exclusion was meant to cover. (See *State Farm Fire and Cas. Co.* v. *Martin, supra*, 668 F.Supp. at p. 1383.) The fact State Farm did not use the term "corrosion" does not mean it was not excluded.

Third, the Brodkins suggest the damage may be due to negligent construction. If the proximate cause of the damage is attributable to negligent

---

[2] The Brodkins made much at oral argument about State Farm's alleged failure to investigate the cause of the cracking to the foundation. But the complaint pleads that the cow urine in the soil is the cause of the damage, and thus there is no basis on which it can be said State Farm failed to investigate.

construction, the claim is barred under that part of the policy which excludes claims for any "defect, weakness, inadequacy, fault or unsoundness in . . . planning, zoning, development surveying, siting . . . design, specifications, workmanship, construction, grading, [or] compaction." Again, the exclusion is clear and unambiguous and expressly covers the damage claimed here.

The Brodkins then argue that under the "ensuing loss" clause the claim is covered because the *cause* of the damage was not excluded. We disagree. After spelling out those losses which are not insured, the policy provides: "However, we do insure for any ensuing loss . . . unless the loss is itself a Loss Not Insured by this Section." It is not the intent of this section to enlarge the items which are covered under the policy. Indeed, the clause specifically states that an ensuing loss will not be covered if it is an excluded loss. Because we have already determined that the loss is excluded under the terms of the policy, it is clear the ensuing loss clause does not provide coverage of this claim.

■ Finally, the Brodkins fail to cite any evidence in the record which raises a triable issue as to their claim State Farm breached its duty of good faith and fair dealing, or any statutory duties. Even if there was evidence the claim was improperly handled, there could be no cause of action for breach of the covenant of good faith or of any statutory duty since State Farm correctly denied the claim. (See *Kopczynski* v. *Prudential Ins. Co.* (1985) 164 Cal.App.3d 846, 849 [211 Cal.Rptr. 12].)

The judgment is affirmed.

Crosby, J., and Mandel, J.,* concurred.

Appellants' petition for review by the Supreme Court was denied March 29, 1990. Lucas, C. J., Mosk, J., and Eagleson, J., were of the opinion that the petition should be granted.

---

* Assigned by the Chairperson of the Judicial Council.