972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene SLABY; Delphine Slaby, Plaintiffs-Appellants,
v.
SAFECO INSURANCE CO., et al., Defendant-Appellee,
 No. 90-56254.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 19, 1992.
Decided Aug. 26, 1992.
As Amended on Denial of Rehearing
Oct. 29, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In March 1987 appellants Eugene and Delphine Slaby suffered a landslide in which portions of their rear yard separated from the main yard. In July 1987 they filed a claim for this damage under their homeowner's insurance with appellee, Safeco Insurance Co. Eight months later, Safeco rejected the Slabys' claim as not covered by the insurance policy. Safeco cited a number of exclusions in the policy, including an exclusion for damage due to earth movement and damage due to improper maintenance or construction of property. Safeco invited the Slabys to file additional claims if they became aware of new information. The Slabys did so. In this second letter the Slabys stated that they had become aware of additional damage to the house and that this damage was due to improper construction or maintenance of the Slabys' proeprty and of neighboring property. Safeco never responded to the Slabys' second letter, but contended in the proceedings below that the second claim was also barred for the reasons stated in Safeco's denial of the first claim.
 
 
 3
 In September 1989, the Slabys filed suit against Safeco, alleging breach of duty of good faith and fair dealing, breach of fiduciary responsibility, negligence, fraud and deceit. The District Court granted Safeco summary judgment. The Slabys appeal.
 
 
 4
 On appeal, the Slabys raise three issues: (1) that the earth movement exclusions in the Safeco insurance policy violate California Insurance Code § 530; (2) that Safeco cannot rely on the earth movement and other exclusions in the insurance policy because Safeco failed to give notice of them; and (3) that even if the exclusions are found to be legal, Safeco acted in bad faith throughout the claims process. We reject each of these claims and affirm the summary judgment.
 
 
 5
 * The Slabys' first challenge to the summary judgment concerns the earthquake exclusion provisions in the insurance policy, which the Slabys argue violate § 530 of the California Insurance Code. However, neither the language of the Insurance Code nor any case law interpreting it supports the contention that earthquake exclusions are illegal.
 
 
 6
 Safeco's earthquake exclusion reads as follows:
 
 
 7
 We do not cover loss caused by any of the following excluded perils whether occurring alone or in sequence with a covered peril:
 
 
 8
 ...
 
 
 9
 Earth movement. Meaning any loss caused by, resulting from, contributed to, or aggravated by earthquake, landslide, mud flow, earth sinking....
 
 
 10
 Section 530 of the Insurance Code provides:
 
 
 11
 An insurer is liable for a loss of which a peril insured against was the proximate cause, although a peril not contemplated by the contract may have been a remote cause of the loss; but he is not liable for a loss of which the peril insured against was only a remote cause.
 
 
 12
 As its language makes clear, § 530 states that if insurers provide coverage against a peril, they are liable whenever that peril is the proximate cause of the harm, but not if that peril is a remote cause. This provision says absolutely nothing about whether insurers must insure against earthquake damage, or any other type of damage. It simply explains that if they do provide, for example, earth movement coverage they must compensate for losses due to earth movement whenever earth movement is the proximate cause of the loss.
 
 
 13
 The cases cited by appellants also do not stand for the proposition that earth movement exclusions violate § 530. Howell v. State Farm Fire & Casualty, 267 Cal.Rptr. 708 (Cal.App. 1 Dist.1990), Garvey v. State Farm Fire & Casualty, 257 Cal.Rptr. 292 (Cal.1989), and State Farm Fire & Casualty v. Von Der Leith, 54 Cal.3d 1123 (Cal.1991) are all cases dealing with causation, and none of them says anything about the validity of earth movement exclusions.[1] Each of these cases addresses situations in which a loss is due to a combination of perils, some of them covered by the policy in question, some of them not covered. They are relevant to this case only to the extent that one of the perils that contributed to the Slabys' loss was a peril covered by the insurance policy. In this case, however, none of the perils to which the Slabys point is covered by the policy.
 
 
 14
 The Slabys' complaint alleges that the cause of the damage was the "negligent or wrongful acts of third parties." Excerpt of Record ("ER") at 6-7. Their expert stated that the damage was due to the acts of Orange County and another neighbor who both failed to properly maintain adjoining property. According to the Slabys' expert, the damage was due to improper maintenance of "drainage facilities, removal of the toe of the talus slope, and complete failure to maintain the seaward lot." He concluded that "[b]ut for resultant removal of subjacent support by third persons, the earth movement which actually occurred would not have taken place." ER at 211-212. Even viewing the expert's testimony in the light most favorable to the Slabys, we must conclude that their loss was not covered, because the Safeco policy specifically states that:
 
 
 15
 We do not cover loss by any of the following excluded perils whether occurring alone or in sequence with a covered peril:
 
 
 16
 ...
 
 
 17
 11. Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
 
 
 18
 (1) planning zoning, development, surveying, siting;
 
 
 19
 (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
 
 
 20
 (3) materials used in repair, construction, renovation or remodeling; or
 
 
 21
 (4) maintenance;
 
 
 22
 of property whether on or off the 'insured location' by any person or organization.
 
 
 23
 As the policy makes clear, the risk of improper maintenance by neighbors is a risk that the Slabys, not Safeco, must bear.
 
 II
 
 24
 Appellants' second contention is that Safeco's exclusions are unenforceable because the Slabys had a reasonable expectation of coverage and because the exclusions were not sufficiently clear and conspicuous. We reject both portions of this argument. First, the Slabys have presented no evidence that they had a reasonable expectation of coverage for perils due to earth movement or improper maintenance of property. Indeed, to the extent they have presented any evidence at all related to this point, their evidence cuts against them. For example, the Slabys state in their complaint that shortly before they purchased the insurance policy Safeco changed it to exclude coverage for losses due to improper maintenance. ER at 5. This is not then a case in which the Slabys had a long-standing policy which covered improper maintenance, only to find after filing a claim that the policy had been altered. Instead, this is a case in which the policy was settled before the Slabys purchased it and in which the Slabys' reasonable expectations were defined largely by the terms of the policy.
 
 
 25
 The Slabys' second argument is that the exclusions were not sufficiently conspicuous, plain and clear. Exclusions must be conspicuous, plain and clear even if the insured has no reasonable expectation of coverage. See, 20th Century Insurance v. Liberty Mutual Insurance, (Slip op. at 6044) (9th Cir. May 27, 1992). The Slabys, however, have provided no evidence demonstrating that the exclusion provisions were inconspicuous or unclear. The exclusions here were not hidden "on the reverse side of the rental contract on a page with extremely small light-colored print," see id. at 6041, but instead had bold headings and were clearly presented on a page labelled EXCLUSIONS. Similarly, the language did not lack clarity. To the contrary, in Brodkin v. State Farm Fire & Casualty, 217 Cal.App.3d 210, 218 (4th Dist.1989), the court examined language closely resembling Safeco's exclusion for failure to maintain property and held that "the exclusion is clear and unambiguous and expressly covers the damage claimed here."[2] We agree.
 
 III
 
 26
 Appellants' final contention is that Safeco violated the implied covenant of good faith and fair dealing. Appellants argue that even if Safeco had no obligation to compensate them for their losses, its failure to respond to their second letter requesting coverage is sufficient evidence to support a claim for bad faith. We disagree.
 
 
 27
 Safeco is bound to the Slabys by both express and implied contracts, including an implied contract to deal fairly and in good faith. Gruenberg v. Aetna Insurance, 108 Cal.Rptr. 480, 485 (Cal.1973). The implied contract to deal fairly and in good faith exists regardless of whether Safeco is responsible for coverage under its express contract. Judah v. State Farm Fire & Casualty, 266 Cal.Rptr. 455, 464-65 (1st Dist.1990). The Slabys, however, must do more than demonstrate the existence of an implied contract. They must provide some evidence of its breach by Safeco. Safeco, as the moving party in the motion for summary judgment, tendered its version of events, painting a picture of a claims handling which was arguably appropriate, at worst sloppy and inconsiderate, but by no means in bad faith. The burden then shifted to the Slabys to produce evidence, by affidavit, deposition, or otherwise, that disputes this interpretation and establishes a genuine issue of material fact. They have produced no such evidence.
 
 
 28
 The record demonstrates that the Slabys' first request for coverage was denied by Safeco in a letter dated March 22, 1988. ER at 127. In that letter Safeco pointed out that the policy excluded damage due to earth movement and faulty maintenance, either of the Slabys' own residence or of a neighboring residence. Safeco also invited the Slabys to present "any additional information that you feel would cause Safeco to reevaluate its position on this matter." According to Safeco, after two months passed Safeco closed its file on the Slabys. On December 9, 1988, Safeco notified the Slabys that it was cancelling their coverage effective Feb. 3, 1989. ER at 6. Safeco then terminated the coverage effective Dec. 12, 1988, at the Slabys' request. On December 27, 1988, nine months after Safeco's denial, the Slabys sent another letter requesting coverage. ER at 131. It is the failure to respond to this letter that the Slabys claim constitutes bad faith.
 
 
 29
 While Safeco admits it failed to respond to the Slabys' second letter, it says the following in its defense: First, the second letter raised no new issues which had not already been addressed in Safeco's original denial of coverage. An evaluation of the letter supports Safeco's contention. The Slabys' letter notes the presence of newly-found defects in the house, and attributes them to defective manufacturing and maintenance of the Slabys' residence and surrounding property. As Safeco had made clear in its March 22 letter, and as was stated in the terms of the insurance policy itself, these perils were not covered by the policy. Second, Safeco has presented the affidavit of the claims adjuster responsible for the Slaby file, who indicated that the letter was received seven months after the file was closed, raised no new issues or facts, and that "the failure to respond was merely inadvertent and an oversight." ER at 64. The Slabys, for their part, have produced no evidence disputing the Safeco version of events. Finally, we disagree with appellants' suggestion that Safeco's own version of the events supports the conclusion that Safeco acted in bad faith. Safeco's failure to respond to the Slabys' second letter is entirely understandable in light of the fact that the letter claimed coverage for perils that, as Safeco had already explained, were explicitly excluded from coverage. Under any definition of bad faith, Safeco's actions do not constitute it.
 
 
 30
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The District Court rejected appellants' reliance on these cases, remarking to appellants' counsel, "I find myself surprised, frankly, by the plaintiff's interpretation of the Garvey and the Howell cases. Those cases don't come anywhere close, do they, to establishing the proposition that you cannot have that exclusion." (Trial Record at 426.) We are equally surprised by appellants' misreading of California case law
 
 
 [2]
 The policy at issue in Brodkin excluded claims for any "defect, weakness, inadequacy, fault or unsoundness in ... planning, zoning, development surveying, siting ... design, specifications, workmanship, construction, grading, [or] compaction." The only significant difference between the Brodkin language and the language at issue here is that the Safeco policy does not cover defects "whether on or off the 'insured location.' " However, there is nothing ambiguous or unclear about this additional exclusion