**Julio A. CUEVAS and Guadalupe C. Cuevas, et al., Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, Defendants.**

**Civ. No. 94–262–B(CM).**

United States District Court, S.D. California.

Nov. 30, 1994.

738

Peter H. Klee, Charles A. Danaher, Luce, Forward, Hamilton & Scripps, San Diego, CA, for defendant Allstate Ins. Co.

Craig A. Miller, Levine, Steinberg & Miller, San Diego, CA, for plaintiffs.

## ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT

BREWSTER, District Judge.

This matter came on regularly for hearing on November 21, 1994 before the Honorable Rudi M. Brewster. After due consideration of the papers filed in support of and in opposition to the parties' cross-motions for summary judgment, all other documents on file in this action, and such oral argument presented at the hearing, this court hereby GRANTS defendant's motion for summary judgment on both causes of action and DE-NIES plaintiffs' motion for summary judgment.

■ During the early 1980s, certain third-parties, including one Norman Roberts, built "berms" on their property for the purpose of diverting/damning the flow of the Tiajuana River. Mr. Matt Marschall—the lessee of Roberts' property—was allegedly notified that the dike construction on the property was a violation of the City's municipal code, but failed to abate the condition. On or about January 15, 1993, the berms diverted the flow of the Tiajuana River, causing water and mud damage to plaintiffs' various residences.

Defendant issued to each of plaintiffs "deluxe" or "deluxe plus" homeowner's insurance policies which were in effect at the time of plaintiffs' losses in 1993. Pursuant to the policies, defendant did not contract to insure:

.. loss to the property described in the Dwelling Protection coverage resulting in any manner from:

1. Water, meaning:
   a) flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;
   b) water which backs up through sewers or drains or overflows from a sump pump, sump pump well or other system designed for the removal of subsurface water which is drained from a foundation area of the residence premises; or
   c) water below the surface of the ground. This includes water which exerts pressure on, or flows, seeps or leaks through any part of the residence premises, sidewalk, driveway, or swimming pool.

Exclusion 1. Furthermore, the homeowners insurance policies unambiguously exclude from coverage:

7. [o]ne or more of the items listed below, if that item is one of two or more causes of a loss and if the other cause(s) of the loss is (are) excluded by this policy.
   a) Conduct, act, failure to act, or decision of any person, group, organization or governmental body whether

intentional, wrongful, negligent, or without fault.

b) Defect, weakness, inadequacy, fault or unsoundness in:

1) planning, zoning, development, surveying, siting; or

2) design, specifications, workmanship, construction, grading, compaction; or

3) materials used in construction or repair; or

4) maintenance of any property including but not limited to land, structures, or improvements of any kind, whether on or off the residence premises.

Exclusion 7. Defendant relies on exclusions one (for water damage) and seven (for acts and/or omissions) to justify its denial of coverage.

In an effort to avoid exclusion one (for water damage), plaintiffs rely on the doctrine of "efficient proximate cause," which is predicated on California Insurance Code § 530. In *Sabella v. Wisler*, 59 Cal.2d 21, 27 Cal. Rptr. 689, 377 P.2d 889 (1963), the California Supreme Court explained the doctrine as follows:

in determining whether loss is within an exception in a policy, where there is a concurrence of different causes, the efficient proximate cause—the one that sets the others in motion—is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately to produce the disaster.

*Id.* at 31–32, 27 Cal.Rptr. 689, 377 P.2d 889. Plaintiffs contend that water damage was only a remote cause of their injuries, and that the "intentional, wrongful" refusal to remove the berms by third-parties Roberts and Marschall in spite of having been warned of the defects is the efficient proximate cause.

However, the Court finds that exclusion 7(a) unambiguously excludes "[c]onduct, act, failure to act .. of any person .. whether intentional, wrongful, negligent, or without fault" whenever the act/omission is combined with another cause of loss excluded under the policy—in this case, water damage. Even

assuming that Marschall's or Roberts' "intentional" refusal to remove the berm was the efficient proximate cause of plaintiffs' injuries, as plaintiffs argue, the claims are still excluded under exclusion 7(a). Thus, it does not matter whether the efficient proximate cause is water damage or third-party acts/omissions because the former is excluded under exclusion one, and the latter is excluded under exclusion seven.

█ Since the Court finds that both the immediate cause of water damage and the alleged efficient proximate cause of refusal to remove the berms are excluded from coverage, the Court need only determine whether the provisions are legal and enforceable. Plaintiffs contend that the "anti-efficient proximate causation language" set forth in the water damage exclusion violates California law. Plaintiffs cite *Howell v. State Farm Fire and Casualty Company*, 218 Cal.App.3d 1446, 267 Cal.Rptr. 708 (1990), *review denied*, 1990 Cal. LEXIS 2627 (1990), and *Gillis v. Sun Ins. Office, Ltd.*, 238 Cal.App.2d 408, 47 Cal.Rptr. 868 (1965) for this proposition.

The insured property in *Howell* was located on a slope subject to landslides. There was an issue of fact in that case whether the earth movement/water damage (excluded perils under the policy) or fire (a covered risk) was the efficient proximate cause of the damage in *Howell*. Nonetheless, the insurer sought summary judgment on the basis of the earth movement/water damage exclusions. The Court held that "the exclusionary provisions contained in the contracts at issue are not enforceable to the extent they purport to limit the insurers' liability beyond what is permitted by section 530 and its interpreting cases." 218 Cal.App.3d at 1456, 267 Cal.Rptr. 708. The Court concluded that summary judgment was improper because if the Court "were to give full effect to the State Farm policy language excluding coverage whenever an excluded peril is a contributing or aggravating factor in the loss, [it] would be giving insurance companies carte blanche to deny coverage in nearly all cases." *Id.* at 1456 n. 6, 267 Cal.Rptr. 708.

In *Gillis*, a windstorm lifted a gangway into the air and dashed it violently into a

docking facility, causing the dock to sink into the water, where it was destroyed under the pounding waves. The insurance policy covered damage caused by the wind, but excluded water damage. The insurer argued that, in light of the "contributed to or aggravated by" exclusionary language in the policy, the damage to the dock, which was "contributed to or aggravated by" water, was not covered. 238 Cal.App.2d at 419, 47 Cal.Rptr. 868. Applying the *Sabella* efficient proximate cause analysis, the *Gillis* court rejected this argument. The Court concluded that the insurer could not rely on the exclusionary language in the policy, at least where the action of the insured peril preceded and operated through an excluded peril to cause the damage. *Id.* at 419–21, 423–34, 47 Cal.Rptr. 868.

The Court finds that both *Howell* and *Gillis* are distinguishable. Both of those cases involved an issue of fact whether the efficient proximate cause was an excluded risk (water damage/earth movement in *Howell* and water damage in *Gillis*) or a covered risk (fire in *Howell* and wind in *Gillis*). In contrast, both risks in this case are excluded under exclusions 1 and 7, and thus, it does not matter which—water damage or third-party intentional act/omission—is designated the efficient proximate cause of plaintiffs' injuries.

The Court does not read *Howell* for the proposition that an insurer is prohibited from excluding certain specified losses from coverage. As stated in *Continental Casualty Co. v. Phoenix Construction Co.*, 46 Cal.2d 423, 432, 296 P.2d 801 (1956), "[a]n insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." In the absence of any statutory or case law authority to the contrary, the Court finds that exclusions one and seven are both fully enforceable.

Because there is no coverage under the policy, summary judgment for defendant on the breach of duty of good faith and fair dealing cause of action is proper. *Brodkin v. State Farm Fire & Casualty Co.*, 217 Cal. App.3d 210, 218, 265 Cal.Rptr. 710 (1989); *Horsemen's Benevolent & Protective Association v. Insurance Company of North Amer-*

*ica,* 222 Cal.App.3d 816, 821, 271 Cal.Rptr. 838 (1990), *review denied,* 1990 Cal. LEXIS 4731 (1990).

With regard to the second cause of action, plaintiffs' fraud claim revolves around defendant's alleged intentional concealment and suppression of the illegality of the policy provisions. First Amended Complaint ¶¶ 16–18. Because the Court finds that the homeowners insurance policies at issue are legal and enforceable, there can be no illegality which the defendant was under a duty to reveal. Thus, summary judgment for defendant on the second cause of action for common law fraud is also appropriate.

Therefore, defendant's motion is GRANTED, and plaintiff's motion is DENIED. The Court further orders that a judgment be entered in favor of defendant.

IT IS SO ORDERED.