Thomas J. GULLO, Plaintiff—
Appellant,

v.

OHIO NATIONAL LIFE ASSURANCE
CORPORATION, a Ohio corporation,
Defendant—Appellee.

No. 03–55563.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2005.*

Decided Feb. 14, 2005.

---

Scott E. Schutzman, Esq., Law Offices of Scott E. Schutzman, Santa Ana, CA, for Plaintiff—Appellant.

William E. Von Behren, Meserve, Mumper & Hughes, Los Angeles, CA, for Defendant—Appellee.

Before: GOODWIN, MAGILL,** and RYMER, Circuit Judges.

MEMORANDUM ***

Plaintiff Thomas Gullo sued Ohio National Life Assurance ("Ohio National") af-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ter it denied his request for benefits under his disability policy. The district court granted Ohio National's motion to dismiss for failure to state a claim, dismissed the case with prejudice, and awarded Ohio National its costs. We review the dismissal de novo, and affirm. *See Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004).

Gullo argues that he is entitled to benefits because, due to an ambiguity in the policy, blindness in one eye constitutes a "complete" loss of sight within the meaning of the contract. Under California's well-established principles of insurance contract interpretation, " '[t]he proper question is whether the [provision or] word is ambiguous in the context of *this* policy and the circumstances of *this* case.' " *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal.4th 465, 9 Cal.Rptr.3d 701, 84 P.3d 385, 389 (Cal.2004) (quoting *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal.4th 854, 21 Cal.Rptr.2d 691, 855 P.2d 1263 (1993)). No ambiguity exists in the policy which renders the meaning of "complete" ambiguous as it pertains to the insured's loss of sight. The district court properly dismissed Gullo's breach of contract claim.

Further, Gullo's allegations of fraud are conclusory and thus fail to meet Federal Rule of Civil Procedure 9(b)'s particularity requirement. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir.1989). Finally, the district court properly dismissed Gullo's claim for breach of the implied covenant of good faith and fair dealing because the complaint fails, as a matter of law, to allege that Ohio National has withheld benefits due under the policy. *See Love v. Fire Ins. Exch.*, 221 Cal. App.3d 1136, 1151, 271 Cal.Rptr. 246

(1990); *Brodkin v. State Farm Fire & Casualty Co.*, 217 Cal.App.3d 210, 218, 265 Cal.Rptr. 710 (1989).

AFFIRMED.