Filed 3/7/22  Stryker v. Steadfast Insurance CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| GERALDA STRYKER et al., | |
| Plaintiffs and Appellants, | C089374 |
| v. | (Super. Ct. No. 34-2017-00215121-CU-IC-GDS) |
| STEADFAST INSURANCE COMPANY, | |
| Defendant and Respondent. | |

After homeowners[1] in a Sacramento County residential development won a judgment against the developer of their homes for over $4 million, they sued Steadfast Insurance Company (Steadfast), the developer's insurer, alleging Steadfast had a duty to defend and indemnify the developer in the underlying lawsuit, and that, as judgment creditors and assignees of the developer, homeowners were entitled to recover from Steadfast. The trial court entered summary judgment in favor of Steadfast, ruling the company had no duty to defend or indemnify the developer in the underlying lawsuit because the developer never paid the "self-insured retention" (also known as an SIR),

[1] Plaintiffs include Geralda Stryker, Harrison Kim, Stacy Fox, Sandra Fox, Regina Edwards, Edward J. Broussard, Sr., La Verne Broussard, Joseph T. Chiang, Gulnara G. Chiang, Chionye Ugori, Obiakonw A. Ugori, William Baumann, Ruthi Baumann, Donald Mills, Anzel L. Mills, Abran S. Mathews, Tony R. Melton, Danielle Melton, Randall J. Martin, Alberto Chaparro, Dalia Chaparro, Sean D. Jones, Jill M. Okimoto, Donald A. Fisher, Joseph Hahnz, Donna M. Lane, Dwayne P. Scheer, Marth Scheer, Chad Wilson, Chen Li, Ping Gu, Michael Bliton, and Ghassan I. Kamal.

1

a condition precedent to Steadfast's obligations to the developer under a Home Builders Protective Insurance Policy (the policy). On appeal, homeowners argue satisfaction of the self-insured retention was not a condition precedent.

We conclude the relevant policy language does not expressly provide that satisfaction of the self-insured retention was a condition precedent to Steadfast's obligations to the developer in connection with the underlying lawsuit. Accordingly, we will reverse the judgment.

BACKGROUND

A December 2009 lawsuit by multiple homeowners alleged defective construction of their homes by developers Cambridge (Natomas), LP, and Cambridge Communities, LLC (Cambridge). Cambridge was insured by Steadfast under a policy that included a self-insured retention of $1 million per occurrence.

After a June 2014 bench trial for which Cambridge did not appear, the trial court entered judgment against Cambridge for over $4 million.

In 2017, the homeowners filed the instant action against Steadfast, alleging the company had a duty to defend and indemnify Cambridge in the underlying lawsuit, and that, as judgment creditors and assignees of Cambridge, they were entitled to recover from Steadfast a significant balance that remained on the 2014 judgment. They asserted multiple causes of action, the specifics of which are immaterial to this appeal.

Steadfast moved for summary judgment, arguing as a matter of law that it never had to defend or indemnify Cambridge because Cambridge never paid the self-insured retention, a condition precedent to coverage. The homeowners opposed summary judgment, arguing that payment of the self-insured retention was not a condition precedent to coverage.

Under a heading titled "SECTION I – COVERAGES" the policy explains that Steadfast "will pay those sums that the insured becomes legally obligated to pay as damages because of 'property damage' to 'your work'. [Steadfast] will have the right

2

and duty to defend the insured against any 'suit' seeking those damages. However, [Steadfast] will have no duty to defend the insured against any 'suit' seeking damages for 'property damage' to which this insurance does not apply."

The self-insured retention provision in the policy provides: "1. Our obligations under SECTION I – COVERAGES to pay damages . . . applies only to the amounts of damage . . . in excess of any 'self insured retention' amounts . . . . [¶] 2. If you do not pay the applicable 'self insured retention' amount . . . the insurance provided by this policy will not replace the 'self insured retention'."

The policy explains that self-insured retention means the amount the insured must pay for "a. All amounts which you become legally obligated to pay as damages . . . as defined in this policy; and [¶] b. The legal expenses, expert and other witness expenses, court costs, bond premiums and such other usual and incidental expenses attendant to claim and litigation costs."

In a December 2018 hearing, the trial court heard oral argument on Steadfast's motion for summary judgment. Counsel for the homeowners argued the self-insured retention language did not state that Steadfast's duty to defend is conditioned on the insured first paying the self-insured retention. According to homeowner's counsel, it is not truly a self-insured retention provision because it reads more like a deductible provision. Counsel for Steadfast replied that because the policy limit applies in excess of the self-insured retention, by that measure it is not a deductible.

In a January 2019 written order granting Steadfast's motion for summary judgment, the trial court concluded that in the context of the entire policy and its intended purpose, the policy's language pertaining to self-insured retentions and Steadfast's obligations made it clear that any duty for Steadfast to defend and indemnify Cambridge would arise under the policy only if Cambridge first paid the self-insured retention in connection with a claim or lawsuit seeking damages. The trial court ruled this was so because the policy's inclusion of language stating that the self-insured retention is

3

comprised of other usual and incidental expenses attendant to claim and litigation costs led to the conclusion that Steadfast's duty arose only after Cambridge satisfied the self-insured retention, including payment of litigation expenses. According to the trial court, because the policy specifically included legal expenses, it should have put Cambridge on notice that Steadfast had no duty to indemnify or defend until Cambridge satisfied its self-insured retention requirement in the underlying litigation.

The trial court ruled that all of the homeowners' claims against Steadfast failed in light of its conclusion that Steadfast had no duty to indemnify or defend until Cambridge satisfied its self-insured retention requirement in the underlying litigation.

DISCUSSION

I

As a threshold matter, we address Steadfast's contention that homeowners lack standing to pursue any claim based on an assignment of rights to them from Cambridge.

Steadfast contends it raised this issue in its papers in support of its motion for summary judgment, and argues that in any event the issue may be raised for the first time on appeal. Homeowners argue Steadfast did not challenge their standing in the trial court, and that this is a factual issue that cannot be resolved on appeal.

We agree with homeowners that we should not address standing here, as that would implicate factual issues that the trial court did not rule upon. (Cf. *Qualified Patients Assn. v. City of Anaheim* (2010) 187 Cal.App.4th 734, 751-752 [declining to prejudge that a party lacked standing absent facts that disqualified the party where factual issues abounded].) Furthermore, any such ruling would not resolve homeowners claims against Steadfast as judgment creditors.

II

Homeowners contend the trial court erred in granting summary judgment because satisfaction of the self-insured retention was not a condition precedent to Steadfast's obligations to indemnify and defend Cambridge under the policy.

4

## A

A motion for summary judgment must be granted if the submitted papers show there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 845.)

"While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264.) Under de novo review, our primary goal is to give effect to the mutual intention of the parties at the time the contract is formed. (*Pulte Home Corp. v. American Safety Indemnity Co.* (2017) 14 Cal.App.5th 1086, 1104-1105 1119.) We infer such intent solely from the written provisions of the contract, if possible. (*AIU Ins. Co. v. Superior Court* (1990) 51 Cal.3d 807, 822.)

We look to the language of the policy and endorsements and interpret the words used according to their ordinary meaning, unless the terms are used in a technical sense or a special meaning is given to them by usage. (*Palmer v. Truck Ins. Exchange* (1999) 21 Cal.4th 1109, 1115.) We interpret the policy as a whole, reading its provisions in context and giving effect to every provision where possible. (*Id.* at p. 1115.)

Although policy exclusions are construed strictly, courts are not free to ignore an exclusion if it clearly applies. (*Minkler v. Safeco Ins. Co. of America* (2010) 49 Cal.4th 315, 322.) The burden rests with the insurer to prove a claim falls within an exclusion. (*Brodkin v. State Farm Fire & Casualty Co.* (1989) 217 Cal.App.3d 210, 216.) An exclusionary clause must be conspicuous, plain, and clear to be enforceable. (*State Farm Mutual Automobile Ins. Co. v. Jacober* (1973) 10 Cal.3d 193, 201-202.)

If there is ambiguity in insurance policy language, we interpret the ambiguous provision to protect the objectively reasonable expectations of the insured. (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1265.)

" ' "Liability insurance policies often contain a 'deductible' or a 'self-insured retention' . . . requiring the insured to bear a portion of a loss otherwise covered by the policy." ' [Citation.] ' "The term 'retention' (or 'retained limit') refers to a specific sum or percentage of loss that is the insured's initial responsibility and must be satisfied before there is any coverage under the policy. . . ." ' [Citation.] Although [a self-insured retention] is, in some ways, similar to a deductible in an insurance policy, '[u]nlike a deductible, which generally relates only to damages, [a self-insured retention] also applies to defense costs and settlement of any claim.' " (*Deere & Co. v. Allstate Ins. Co.* (2019) 32 Cal.App.5th 499, 505, italics omitted.) "Properly viewed, a self-insured retention does not constitute insurance. [Citation.] Rather, the primary insurer's obligations are triggered once the [self-insured retention] is exhausted." (*Id.* at pp. 506-507.)

While a self-insured retention or retained limit generally refers to the amount of a loss or liability that the insured agrees to bear before coverage can arise under the policy, an insurance policy can connote no more than what is expressly stated. (*Legacy Vulcan Corp. v. Superior Court* (2010) 185 Cal.App.4th 677, 694 (*Legacy Vulcan*).) Thus, judicial interpretation of insurance contract terms must be anchored in the actual language of the relevant policy, as "the labels used to define policy terms are not controlling; the terms themselves are." (*Vons Cos. v. United States Fire Ins. Co.* (2000) 78 Cal.App.4th 52, 62; see *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 794 [citing with approval this proposition in *Vons Cos v. United States Fire Ins. Co.*])

B

"SECTION I – COVERAGES" of the policy explains that Steadfast will have the duty to defend Cambridge against any suit seeking damages except for suits involving property damage. The self-insured retention provision provides that Steadfast's obligation to pay damages applies only to the amounts of damage "in excess" of any self-insured retention amounts and that if Cambridge does not pay the applicable self-insured

6

retention amount the insurance provided by this policy "will not replace" the self-insured retention.

This language indicates that Steadfast had a duty to indemnify and/or defend Cambridge for any damages beyond ("in excess of") the self-insured retention amount, but no duty to pay ("will not replace") the self-insured retention amount. Such language does not expressly and clearly say that Steadfast had no duty to Cambridge until Cambridge paid the self-insured retention.

The policy language defining the self-insured retention as being comprised of "usual and incidental" litigation expenses did not expressly and clearly indicate to Cambridge that satisfaction of the self-insured retention was a condition precedent to Steadfast's obligations under the policy. (See *Legacy Vulcan, supra*, 185 Cal.App.4th at p. 694, fn. 12 [a true self-insured retention expressly limits the duty to indemnify and expressly precludes any duty to defend].) Further, the policy's definition of a self-insured retention as "the amount you or any insured must pay for . . ." has no temporal language. Had the definition said a self-insured retention was "the amount you or any insured must *first* pay for . . ." such a definition would be somewhat closer to the general understanding of typical self-insured retentions that Steadfast invokes. But even if such temporal language were in the definition, there might still be an ambiguity if the definition did not also expressly preclude any duty to defend or indemnify until satisfaction of the self-insured retention. (See *Legacy Vulcan,* at p. 694, fn. 12.)

Although case law indicates that, as a general matter in insurance, satisfaction of a self-insured retention is a condition precedent to a duty to defend or indemnify, here the language of the policy does not expressly and clearly say that. The label "self-insured retention" does not control our interpretation of the policy; the actual language in the self-insured retention does. (See *Vons Cos. v. United States Fire Ins. Co., supra*, 78 Cal.App.4th at p. 62; *Monster Energy Co. v. Schechter, supra*, 7 Cal.5th at p. 794.)

Two cases illustrate the proper analysis of the issue.  In *American Safety Indemnity Co. v. Admiral Ins. Co.* (2013) 220 Cal.App.4th 1 (*American Safety*), self-insured retention language limited the insurer's duties to the insured as follows:  " 'Our total liability for all damages will not exceed the limits of liability as stated in the Declarations *and will apply in excess of* the insured's self-insured retention (the "Retained Limit"). "Retained Limit" is the amount shown below, which you are obligated to pay, and only includes damages otherwise payable under this policy.' "  (*Id.* at pp. 9-10, italics added, original italics omitted.)  The appellate court explained that the language did not expressly make payment of the self-insured retention a condition of the insurer's broader obligation to provide a defense when an arguably covered claim was tendered.  (*Id.* at p. 4.)  Rather, the self-insured retention clause expressly applied only as a limitation on the insurer's duty to indemnify the insured for covered damages for which the insured might be found liable.  (*Ibid.*)  "Given the language of the policy, an insured could quite reasonably interpret it as providing a defense to arguably covered claims as soon as such claims are tendered and before any SIR has been paid."  (*Ibid.*)

Like the self-insured retention language in *American Safety*, the self-insured retention language here provides that the insurer's obligations apply to "amounts of damage . . . in excess of any 'self insured retention' amounts."  And like the court in *American Safety*, we conclude such language "could quite reasonably" be interpreted by an insured to mean that an insurer's obligations are triggered "before any SIR has been paid."  (*American Safety, supra*, 220 Cal.App.4th at p. 4.)

In *Forecast Homes, Inc. v. Steadfast Ins. Co.* (2010) 181 Cal.App.4th 1466, respondent Steadfast drafted language that *did* expressly and clearly say that satisfaction of a self-insured retention was a condition precedent to a duty to defend or indemnify. There, the appellate court affirmed the trial court's judgment for Steadfast where the self-insured retention language in an insurance policy provided:  " 'Except for any "defense costs" that we may elect to pay, you shall pay all such "defense costs" as they are

8

incurred *until* you have paid "defense costs" and damages for "bodily injury," property damage, "personal injury" . . . or any other such coverages which may be included in the policy, equal to the applicable "self-insured retention" amount. If any final judgment or settlement and defense costs is less than the "self-insured retention" amount stated above, we shall have no obligation to reimburse you or pay "defense costs" under this policy.' " (*Id.* at p. 1471, italics added; see *id.* at pp. 1469-1471.)

Here, by contrast, the self-insured retention language does not say that the insured shall pay all defense costs "until" an amount equal to the self-insured retention amount is paid. Nor does the self-insured retention language here provide that Steadfast has no obligation to reimburse the insured for any final judgment or settlement and defense costs less than the self-insured retention amount.

### III

Though ostensibly disagreeing with each other, the parties in fact agree that numerous questions have yet to be resolved in the case, and that resolution of those questions, if necessary, must happen in the trial court, on remand. We agree.

### DISPOSITION

The judgment is reversed. Homeowners shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

                                      /S/
                               MAURO, Acting P. J.

We concur:

    /S/
DUARTE, J.

    /S/
HOCH, J.